IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DIAMOND RESORTS U.S.<br>COLLECTION DEVELOPMENT, LLC,<br>DIAMOND RESORTS HAWAII<br>COLLECTION DEVELOPMENT, LLC,<br>and DIAMOND RESORTS<br>MANAGEMENT, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>WESLEY FINANCIAL GROUP, LLC,<br>and CHARLES WILLIAM<br>MCDOWELL, III,<br><br>    Defendants. | No. 3:20-CV-00251<br>JUDGE CORKER<br>MAGISTRATE JUDGE POPLIN |

## ANSWER TO PLAINTIFFS' COMPLAINT

Defendants, Wesley Financial Group, LLC ("Wesley") and Charles William McDowell, III ("McDowell") (collectively "Defendants"), state as their Answer to the Complaint for Injunctive Relief and Damages ("Complaint") filed by Plaintiffs, Diamond Resorts U.S. Collection Development, LLC, et al. (collectively "Diamond Resorts" or "Plaintiffs"), the following:

## GENERAL DENIAL

Except as expressly admitted or denied herein, Defendants deny each and every allegation in the Complaint.

## RESPONSE TO ALLEGATIONS IN PLAINTIFFS' COMPLAINT

### INTRODUCTION

1. Defendants admit that Plaintiffs market, sell, and manage timeshares. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained in paragraph 1 of the Complaint.

2. Defendants deny the allegations contained in the first, second, third, fourth, and fifth sentences of paragraph 2 of the Complaint. With regard to the allegations contained in the sixth sentence of paragraph 2 of the Complaint, Defendants admit that McDowell is Wesley's founder and CEO. Defendants deny the allegations contained in the seventh sentence of paragraph 2 of the Complaint.

3. With regard to the allegations contained in paragraph 3 of the Complaint, Defendants admit that McDowell is often featured in Wesley's advertisements and that those advertisements do not contain irrelevant details regarding McDowell's past. Defendants deny all remaining allegations contained in paragraph 3 of the Complaint.

4. With regard to the allegations contained in the first sentence of paragraph 4 of the Complaint, Defendants admit that Wesley advertises that "we know how to get you out of a timeshare." With regard to the allegations contained in the second sentence of paragraph 4 of the Complaint, Defendants would state that the BBB's website speaks for itself, and Defendants deny any allegations, implications, and/or inferences inconsistent with that website.

5. With regard to the allegations contained in the first sentence of paragraph 5 of the Complaint, Defendants would state that they advertise a 100% money-back guarantee. Defendants deny the allegations contained in the second sentence of paragraph 5 of the Complaint. With regard to the allegations contained in the third sentence of paragraph 5 of the Complaint, Defendants admit that Wesley is not a law firm. Defendants deny the allegations contained in the fourth and fifth sentences of paragraph 5 of the Complaint.

6. With regard to the allegations contained in paragraph 6 of the Complaint, Defendants would state that the excerpted portion of Wesley's "Service Agreement" speaks for

itself, and Defendants deny any allegations, implications, and/or inferences inconsistent with that document. Defendants deny the remaining allegations contained in paragraph 6 of the Complaint.

7. Defendants deny the allegations contained in paragraph 7 of the Complaint.

8. With regard to the allegations contained in paragraph 8 of the Complaint, Defendants would state that the documents quoted from speak for themselves, and Defendants deny any allegations, implications, and/or inferences inconsistent with the quoted documents. Defendants deny the remaining allegations contained in paragraph 8 of the Complaint.

9. Defendants deny the allegations contained in paragraph 9 of the Complaint.

10. Defendants deny the allegations contained in paragraph 10 of the Complaint.

11. Defendants deny the allegations contained in paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in paragraph 12 of the Complaint.

13. Defendants deny the allegations contained in paragraph 13 of the Complaint.

14. With regard to the allegations contained in paragraph 14 of the Complaint, Defendants admit that Wesley advertises on its website, Twitter, Facebook, YouTube, radios, and television. Defendants deny the remaining allegations contained in paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in paragraph 16 of the Complaint.

## **JURISDICTION, PARTIES, AND VENUE**

17. Defendants admit the allegations contained in paragraph 17 of the Complaint.

18. Defendants admit the allegations contained in paragraph 18 of the Complaint.

19. Defendants admit the allegations contained in paragraph 19 of the Complaint.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23. Defendants admit the allegations contained in paragraph 23 of the Complaint.

24. Defendants admit the allegations contained in paragraph 24 of the Complaint.

25. Defendants admit the allegations contained in paragraph 25 of the Complaint.

26. With regard to the allegations contained in paragraph 26 of the Complaint, Defendants deny that their conduct caused actionable damage to Plaintiffs but otherwise admit the allegations contained in paragraph 26 of the Complaint.

27. Defendants admit the allegations contained in paragraph 27 of the Complaint.

## **GENERAL FACTUAL ALLEGATIONS**

28. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

29. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint.

30. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint.

32. Defendants are without knowledge or information sufficient to form a belief as to

4

4849-8825-2882
Case 3:20-cv-00251-DCLC-DCP   Document 35   Filed 11/23/20   Page 4 of 16   PageID #: 158

the truth of the allegations contained in paragraph 32 of the Complaint.

33. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of paragraph 33 of the Complaint. Defendants deny the allegations contained in the third and fourth sentences of paragraph 33 of the Complaint.

34. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint.

35. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

36. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint.

37. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint.

38. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 38 of the Complaint. Defendants deny the allegations contained in the second sentence of paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in the first sentence of paragraph 41 of the Complaint. With regard to the allegations contained in the second and third sentences of paragraph 41 of the Complaint, Defendants would state that Wesley's website speaks for itself and deny any allegations, implications, and/or inferences inconsistent with its website.

Defendants deny the allegations contained in the fourth sentence of paragraph 41 of the Complaint.

42. With regard to the allegations contained in the first sentence of paragraph 42 of the Complaint, Defendants would state that Wesley's website speaks for itself and deny any allegations, implications, and/or inferences inconsistent with its website. Defendants deny the allegations contained in the second sentence of paragraph 42 of the Complaint.

43. With regard to the allegations contained in paragraph 43 of the Complaint, Defendants admit that Wesley offers a money-back guarantee to customers and would state that nothing Wesley does in assisting its clients is unlawful.

44. With regard to the allegations contained in paragraph 44 of the Complaint, Defendant would state that Wesley's Facebook posts speak for themselves and Defendants deny any allegations, implications, and/or inferences inconsistent with Wesley's Facebook posts.

45. With regard to the allegations contained in paragraph 45 of the Complaint, Defendants would state that Wesley's Facebook posts speak for themselves and Defendants deny any allegations, implications, and/or inferences inconsistent with its Facebook posts. Defendants deny the remaining allegations contained in the paragraph 45 of the Complaint.

46. With regard to the allegations contained in the first and second sentences of paragraph 46 of the Complaint, Defendants would state that Wesley's website speaks for itself and Defendants deny any allegations, implications, and/or inferences inconsistent with Wesley's website. Defendants deny the allegations contained in the third sentence of paragraph 46 of the Complaint.

47. With regard to the allegations contained in the first sentence of paragraph 47 of the Complaint, Defendants would state that the referenced testimonials speak for themselves,

Defendants deny any allegations, implications, and/or inferences inconsistent with the testimonials, and Defendants deny that the testimonials are misleading. Defendants deny the allegations contained in the second sentence of paragraph 47 of the Complaint.

48. With regard to the allegations contained in the first sentence of paragraph 48, Defendants admit that McDowell is not an attorney, would state that the referenced YouTube video speaks for itself, deny any allegations, implications, and/or inferences inconsistent with the video and Defendants deny the remaining allegations contained in the first sentence of paragraph 48 of the Complaint. Defendants deny the allegations contained in the second sentence of paragraph 48 of the Complaint.

49. With regard to the allegations contained in the first sentence of paragraph 49 of the Complaint, Defendants would state that the referenced website speaks for itself and Defendants deny any allegations, implications, and/or inferences inconsistent with the website. Defendants deny the allegations contained in the second sentence of paragraph 49 of the Complaint.

50. With regard to the allegations contained in paragraph 50 of the Complaint, Defendants admit that Wesley inquires whether potential customers have been lied to or misled by timeshare companies. Defendants deny that this inquiry is a "pretext" and deny all remaining allegations contained in paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in paragraph 52 of the Complaint.

53. With regard to the allegations contained in the first sentence of paragraph 53, Defendants would state that Wesley's "Service Agreement" speaks for itself, and Defendants deny any allegations, implications, and/or inferences inconsistent with that document.

7

Defendants deny the remaining allegations contained in paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in the first sentence of paragraph 54 of the Complaint. With regard to the allegations contained in the second sentence of paragraph 54 of the Complaint, Defendants would state that the referenced email speaks for itself and Defendants deny any allegations, implications, and/or inferences inconsistent with the email.

55. Defendants deny the allegations contained in the first sentence of paragraph 55 of the Complaint. With regard to the allegations contained in the second sentence of paragraph 55 of the Complaint, Defendants would state that on occasion Wesley's representatives, with permission from clients, call timeshare developers on behalf of those clients. Defendants deny the remaining allegations contained in the second sentence of paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in paragraph 58 of the Complaint.

59. The allegations contained in paragraph 59 of the Complaint are not directed at Defendants and, therefore, no response is required.

60. The allegations contained in paragraph 60 of the Complaint are not directed at Defendants and, therefore, no response is required.

## COUNT I
## FALSE ADVERTISING UNDER THE LANHAM ACT, 15 U.S.C. § 1125(a)

61. Defendants incorporate by reference herein their responses to paragraphs 1-60, inclusive, as their response to paragraph 61 of the Complaint.

62. The allegations contained in paragraph 62 of the Complaint are not directed at Defendants and, therefore, no response is required.

63. The allegations contained in paragraph 63 of the Complaint state conclusions of

law for which no response is required of Defendants.

64. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint.

65. With regard to the allegations contained in paragraph 65 of the Complaint, Defendants deny that Wesley engages in false or misleading advertising but admit that its advertisements travel in interstate commerce.

66. Defendants deny the allegations contained in paragraph 66 of the Complaint.

67. With regard to the allegations contained in paragraph 67 of the Complaint, Defendants would state that Wesley's clients are timeshare owners. Defendants deny the remaining allegations contained in paragraph 67 of the Complaint.

68. Defendants deny the allegations contained in paragraph 68 of the Complaint.

69. Defendants deny the allegations contained in paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in paragraph 70 of the Complaint, including the allegations contained in all lettered sub-paragraphs.

71. Defendants deny the allegations contained in paragraph 71 of the Complaint.

72. Defendants deny the allegations contained in paragraph 72 of the Complaint.

73. Defendants deny the allegations contained in paragraph 73 of the Complaint.

74. Defendants deny the allegations contained in paragraph 74 of the Complaint.

75. Defendants deny the allegations contained in paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in paragraph 76 of the Complaint.

77. With regard to the allegations contained in paragraph 77 of the Complaint, Defendants deny that Plaintiffs are entitled to such relief.

## COUNT II
### VIOLATION OF TENNESSEE CONSUMER PROTECTION ACT, TENN. CODE ANN. §§ 47-18-101, *et seq.*

78. Defendants incorporate by reference herein their responses to paragraphs 1-60 and paragraph 70 and its subparts, inclusive, as their response to paragraph 78 of the Complaint.

79. The allegations contained in paragraph 79 of the Complaint are not directed at Defendants and, therefore, no response is required.

80. The allegations contained in paragraph 80 of the Complaint state conclusions of law for which no response is required of Defendants.

81. Defendants deny the allegations contained in paragraph 81 of the Complaint.

82. Defendants deny the allegations contained in paragraph 82 of the Complaint.

83. Defendants deny the allegations contained in paragraph 83 of the Complaint.

84. Defendants deny the allegations contained in paragraph 84 of the Complaint.

85. Defendants deny the allegations contained in paragraph 85 of the Complaint, including the allegations contained in all lettered sub-paragraphs.

86. Defendants deny the allegations contained in paragraph 86 of the Complaint.

87. Defendants deny the allegations contained in paragraph 87 of the Complaint.

88. Defendants deny the allegations contained in paragraph 88 of the Complaint.

89. Defendants deny the allegations contained in paragraph 89 of the Complaint.

90. Defendants deny the allegations contained in paragraph 90 of the Complaint.

91. Defendants deny the allegations contained in paragraph 91 of the Complaint.

92. Defendants deny the allegations contained in paragraph 92 of the Complaint.

93. Defendants deny the allegations contained in paragraph 93 of the Complaint.

94. Defendants deny the allegations contained in paragraph 94 of the Complaint.

95. With regard to the allegations contained in paragraph 95 of the Complaint, Defendants deny that Plaintiffs are entitled to such relief.

## AFFIRMATIVE DEFENSES

Without making any admissions of any kind, Defendants set forth the following affirmative defenses. By raising the below matters as affirmative defenses, Defendants do not thereby assume the burden of proof with respect to such matters to the extent they are not affirmative defenses but rather an element of Plaintiffs' claims.

## FIRST DEFENSE

Plaintiffs engage in a systematic course of inequitable, unfair, dishonest, fraudulent or deceitful conduct in marketing, selling, financing, and managing timeshares. As a routine business practice, Diamond Resorts and its affiliates sell timeshare interests in a high-pressure environment laden with misrepresentation and deception.

Wesley's timeshare cancellation services are focused on assisting timeshare owners who have been the victims of deceptive or improper conduct in exiting their timeshare interest. Plaintiffs' inequitable, unfair, dishonest, fraudulent, and deceitful conduct has harmed the consumers to whom Wesley offers and provides its services, and injunctive relief would allow Plaintiffs to continue engaging in misconduct in marketing, selling, financing, and managing timeshares. Put another way, Wesley only offers its services to, and is only able to obtain relief for, customers to whom Plaintiffs have lied and whom Plaintiffs have defrauded. As a result, Plaintiffs' claims for injunctive relief based on purported violations of the Lanham Act and the Tennessee Consumer Protection Act are barred in whole or in part by the doctrine of unclean hands.

**SECOND DEFENSE**

Defendants reallege and incorporates by reference the allegations contained in their First Defense as if set forth herein. Any injury alleged by Plaintiffs as a result of Wesley's timeshare cancellation services has been caused in at least substantially equal part by the misconduct of Plaintiffs and their agents in marketing, selling, financing, and managing timeshares. As a result, Plaintiffs' claims for injunctive relief based on purported violations of the Lanham Act and the Tennessee Consumer Protection Act are barred in whole or in part by the doctrine of in pari delicto.

**THIRD DEFENSE**

Wesley engages in a timeshare cancellation service business and Wesley has a privilege to engage in the business practices and methods employed by it to assist its customers in severing their timeshare relationships in order to promote its financial and economic interests. Wesley does not use improper means in conducting its timeshare cancellation services. As a result, Plaintiffs' claims for injunctive relief based on purported violations of the Lanham Act and the Tennessee Consumer Protection Act are barred in whole or in part by Defendant's privilege to protect its economic interest.

**FOURTH DEFENSE**

Plaintiffs allege that their claims concern a matter involving competition between Plaintiffs and Wesley. Without employing wrongful means or creating or continuing an unlawful restraint of trade, Wesley assists timeshare owners in cancelling their timeshares with Plaintiffs for the purposes of advancing its business interests. As a result, Plaintiffs' claims for injunctive relief based on purported violations of the Lanham Act and the Tennessee Consumer Protection Act are barred in whole or in part by the privilege to compete.

## FIFTH DEFENSE

Any loss or damage allegedly suffered by Plaintiffs, including to their reputation or goodwill, was caused or contributed to by individuals or entities over whom Defendants have no control. There are a number of individuals and entities throughout the United States and beyond its borders who are extraordinarily critical of the timeshare industry, including with respect to sales and marketing practices, financial pressures exerted on timeshare members and their lineal descendants, and the discordance between timeshare products that are marketed and promoted versus the products that are received and are actually usable by the consumer. Damage to Plaintiffs' reputation and loss of goodwill is attributed, in whole or in part, to these other individuals or entities. As a result, in the event of an adverse finding on any Count in the Complaint, Defendants are not liable or, alternatively, are only liable for their pro rata share.

## SIXTH DEFENSE

Defendants reserve the right to amend this Answer pending further investigation and discovery.

## SEVENTH DEFENSE

Pending investigation and in order to avoid waiver, Defendants aver that the Complaint fails to state a claim against them upon which relief can be granted.

## EIGHTH DEFENSE

Any allegation which, heretofore, has not been admitted or denied is herein denied as though set forth specifically and denied.

## NINTH DEFENSE

The Complaint is barred, in whole or in part, by Plaintiffs' failure to mitigate their damages.

## TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## TWELVETH DEFENSE

Plaintiffs' claims are barred by the First Amendment to the United States Constitution.

## THIRTEENTH DEFENSE

Plaintiffs do not have standing to assert the claims alleged in the Complaint.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred because Defendants' alleged statements were truthful, were not misleading or deceptive in any way, and constitute non-actionable opinion and puffery.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs have adequate remedies at law, have no substantial likelihood of success on the merits, will not suffer irreparable injury, and because the requested relief will not serve the public interest.

## SIXTEENTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs have suffered no harm from the conduct alleged and, to the contrary, have likely received a financial benefit from the cancellation of the timeshare contracts at issue, which (upon information and belief) are subsequently resold for a profit.

**WHEREFORE**, having fully answered the allegations contained in the Complaint, Defendants pray that this Court enter judgment in Defendants' favor on all of Plaintiffs' claims and award attorneys' fees, costs, and such other and further relief as is just and appropriate.

Respectfully submitted,

NEAL & HARWELL, PLC


*s/*John E. Quinn
Aubrey B. Harwell, Jr., #2559
John E. Quinn, #12220
Erik C. Lybeck, #35233
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
(615) 244-1713 – Telephone
(615) 726-0573 – Facsimile
aharwell@nealharwell.com
jquinn@nealharwell.com
elybeck@nealharwell.com


Wayne A. Ritchie II, BPR #013936
James R. Stovall, BPR # 32512
Samantha I. Ellis, BPR # 036709
Ritchie, Dillard, Davies & Johnson, P.C.
606 West Main Street, Suite 300
Knoxville, TN 37902
(865) 637-0661
(865) 524-4623 (facsimile)
war@rddjlaw.com
jstovall@rddjlaw.com
swarchol@rddjlaw.com

*Attorneys for Wesley Financial Group, LLC and Charles William McDowell, III*

## CERTIFICATE OF SERVICE

   I hereby certify that a copy of the foregoing was filed electronically on November 23, 2020 with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all parties and counsel of record by operation of the Court's CM/ECF system. Parties may access this filing through the Court's electronic filing system.

                      *s*/John E. Quinn