IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| **DIAMOND RESORTS U.S. COLLECTION DEVELOPMENT, LLC, DIAMOND RESORTS HAWAII COLLECTION DEVELOPMENT, LLC,** and **DIAMOND RESORTS MANAGEMENT, INC.,**<br><br>    Plaintiffs,<br><br>v.<br><br>**WESLEY FINANCIAL GROUP, LLC,** and **CHARLES WILLIAM MCDOWELL, III,**<br><br>    Defendants. | No. 3:20-CV-00251<br>**JUDGE CORKER**<br>**MAGISTRATE JUDGE POPLIN** |

## DISCOVERY CONFIDENTIALITY ORDER

Plaintiffs, DIAMOND RESORTS U.S. COLLECTION DEVELOPMENT, LLC, a Delaware limited liability company; DIAMOND RESORTS HAWAII COLLECTION DEVELOPMENT, LLC, a Delaware limited liability company; and DIAMOND RESORTS MANAGEMENT, INC., an Arizona corporation (collectively, "**Diamond**" or "**Plaintiffs**"), and WESLEY FINANCIAL GROUP, LLC, and CHARLES WILLIAM MCDOWELL, III, (collectively, "**Defendants**"), (together, Plaintiff and the Defendants are the *"Parties,"* and each separately a *"Party"*), hereby stipulate and agree to this Discovery Confidentiality Order (the *"Order"*), which shall govern the production and exchange of all documents, electronically stored information, testimony, tangible materials, interrogatory answers, and other information produced, given, or exchanged during the course of this action (*"Discovery Material"*) by and among all Parties and any non-parties.

1. <u>Definition of Confidential Discovery Material.</u> "***Confidential Discovery Material***" means any information: (i) so designated by a person or entity disclosing the information (a "***Producing Party***"); (ii) produced by a non-party in response to a duly issued subpoena that any Party so designates or the Court so designates upon motion or submission of an agreed order; (iii) any government data classified by statute, federal law, or temporary classification as confidential, private or nonpublic. Discovery Material shall be designated as Confidential only when such material contains non-public commercial, financial, transactional, marketing, technical, research, development, personal, or other non-public or proprietary information that the Producing Party has maintained in confidence, as well as business information concerning, *inter alia,* business strategies, or other corporate arrangements or relationships, projections, revenues, profits, distributions, bonuses, financial statements and company research. Confidential Discovery Material also includes any documents or other information covered by a written non-disclosure or confidentiality agreement between a Party or its counsel and any non-party. Confidential Discovery Material includes all copies, recordings, abstracts, excerpts, summaries, analyses or other writings that contain, reflect, reveal, suggest, or otherwise disclose such Confidential Discovery Material.

2. <u>Definition of Attorneys' Eyes Only Discovery Material.</u> Any Party or third party may designate Discovery Material as attorneys' eyes only after a good faith review the Discovery Material has been determined to contain information falling within the scope described in the Court's July 20, 2021 Order. [Dkt. 63.]

3. <u>Designating Confidential Discovery Material and Attorneys' Eyes Only Discovery Material.</u> Confidential Discovery Material and Attorneys' Eyes Only Discovery Material shall be designated as such by the Producing Party or any Party in one or more of the

following ways: (1) information contained in any document or part thereof may be so designated by marking the word "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on the document or any copy of it, or within the file name for documents produced in native format, delivered to the opposing Party or its counsel; or (2) information contained in an answer to any question asked during an oral deposition or a deposition upon written questions may be so designated by a statement made on the record during the course of the deposition, or sending written notice, within 30 days of receiving the final version of the transcript of the deposition or testimony, that specific information or testimony constitutes Confidential Discovery Material or Attorneys' Eyes Only Discovery Material. All depositions and transcripts shall be deemed Confidential Discovery Material or Attorneys' Eyes Only Discovery Material until the expiration of the 30th day after counsel for the Parties receive the final version of the transcript of the deposition or testimony.

4. <u>Delivery of Confidential Discovery Material and Attorneys' Eyes Only Discovery Material.</u> Nothing in this Order shall prohibit the transmission or communication of Confidential Discovery Material or Attorneys' Eyes Only Discovery Material (or information derived therefrom) by hand-delivery, face-to-face conference, delivery or messenger service, telephone, facsimile, email, File Transfer Protocol (FTP) technology, or other electronic transmission, if under the circumstances there is no reasonable likelihood that the transmission will be intercepted or misused or that persons not authorized will receive or review such materials or information.

5. <u>Treatment of Confidential Discovery Material.</u> Any Party to whom Confidential Discovery Material is produced (the "*Receiving Party*") shall treat such Confidential Discovery Material as strictly confidential and shall use such Confidential Discovery Material solely for

3

purposes of preparing for and conducting the litigation of this action and any appellate proceedings in this action.

6. <u>Disclosure of Confidential Discovery Material.</u> The Receiving Party shall not disclose Confidential Discovery Material produced by another Party or third-party, or information derived therefrom, to any persons other than:

    a. the Court, including all persons employed by the Court who become involved in this action;

    b. court reporters transcribing testimony or argument at a hearing, trial, or deposition in this action (including any appeal);

    c. current or former officers, directors, employees or agents of the Parties that counsel for the Parties determine in good faith have a need to see and/or use such Confidential Discovery Material; provided, however, that the Party or counsel for a Party making the disclosure shall (i) prior to such a disclosure, advise the individual of the contents of this Order and shall obtain the individual's execution of the form attached as Exhibit A;

    d. counsel to the Parties in this action including the paralegals, secretaries, law clerks, and other employees of such counsel who are working with such counsel on this action;

    e. current or former employees of the Parties who are working with or under the supervision of counsel directly on the defense of the claims made in this action, or who give deposition or trial testimony; provided, however, that the Party or counsel for a Party making the disclosure shall (i) prior to

4

such a disclosure, advise the individual of the contents of this Order and shall obtain the individual's execution of the form attached as Exhibit A;

f.  deposition or trial witnesses (other than expert witnesses who are not employees of any Party), and their counsel; provided, however, that the Party or counsel for a Party making the disclosure shall (i) prior to such a disclosure, advise the witness of the contents of this Order; and (ii) limit the disclosures to only those disclosures necessary for the witnesses to prepare for and give testimony in this action;

g.  outside consultants, investigators, or experts retained by the Parties (an "***Expert***"), provided, however, that the Party or counsel for a Party making the disclosure shall (i) prior to such a disclosure, advise the Expert of the contents of this Order and shall obtain the Expert's execution of the form attached as Exhibit A; and (ii) ensure that the Expert uses the Confidential Discovery Information solely for the purposes of this litigation;

h.  Any mediator or other neutral appointed by the Court or chosen by the parties;

i.  Outside professional electronic discovery services and copying services, who have, prior to the receipt of such information, signed the form attached as Exhibit A; and

j.  Any other person on such terms and conditions as the Parties may mutually agree, or as the Court may hereafter direct by further order; provided, however, that the Party or counsel for a Party making the disclosure shall (i) prior to such a disclosure, advise the individual of the

5

contents of this Order and shall obtain the individual's execution of the form attached as Exhibit A.

7. Treatment of Attorneys' Eyes Only Discovery Material.

a. Attorneys' Eyes Only Discovery Material. Information designated Attorneys' Eyes Only under this Order shall not be used or disclosed for any purpose other than this lawsuit and shall not be disclosed or provided to any person other than those identified in Para. 7.b below. Information designated Attorneys' Eyes Only under this Order shall not otherwise be directly or indirectly used for **any** purpose, including, but not limited to, the following purposes:

i. Any business-related, pecuniary or economic purpose, efforts, or acts by any Party.

ii. Any sales, solicitations, marketing, advertising, customer service, public relations, or other business-related activities by any Party.

All documents designated as Attorneys' Eyes Only shall be produced, used, and disposed of in accordance with the terms of this Order.

b. Disclosure of Attorneys' Eyes Only Discovery Material. Discovery Material designated Attorneys' Eyes only under the terms of this Order shall not be disclosed or provided to any person or entity, except that the following categories of persons may be allowed to review documents which have been designated Attorneys' Eyes Only pursuant to this Order, so long as such person(s) have signed the form attached hereto as **Exhibit A** and only after such executed **Exhibit A** has been immediately served on every Party to this action, except execution and service of **Exhibit A** shall not be required for those persons designated in sub-subsections (1), (2), (3), (5), (6), and (7):

6

(1) counsel of record in this action and their shareholders, partners, associates, of counsel, staff, agents, representatives, and employees;

(2) the Parties' insurance carriers to the extent the Parties' respective insurance carriers need to know such information in connection with this litigation;

(3) the Court, any court exercising appellate jurisdiction with respect to determinations of this Court, any other court or person appointed by the Court to address an issue related to discovery in this action, court personnel, court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

(4) consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the Parties or counsel for the Parties to assist in the preparation and trial of the lawsuit;

(5) any mediator engaged by the Parties in this action;

(6) persons and vendors specifically engaged for the limited purpose of making copies of documents, preparing demonstrative exhibits, or organizing or processing documents, including outside vendors hired to process electronically stored documents; and

(7) other persons, only upon consent in writing by the Producing Party or upon order of the Court, and on such conditions as are agreed to or ordered.

8. <u>Use of Confidential Discovery Material and Attorneys' Eyes Only Discovery Material.</u>

a. Papers. All Confidential Discovery Material and Attorneys' Eyes Only Discovery Material must be filed under seal, after first having filed a motion to file under seal combined with filing the Confidential Discovery Material or Attorneys' Eyes Only Discovery Material provisionally under seal with the motion. The burden remains on the Designating Party to justify the designation and to make the requisite showing of particularized need. If the Court denies the motion to file under seal, the Confidential Material shall no longer be designated confidential for any purpose. The Parties are permitted to submit Confidential Discovery Material or Attorneys' Eyes Only Discovery Material directly to the judge for consideration in a hearing binder, so long as it is not filed with the Court, except in accordance with this Order.

b. Court Proceedings. In the event that any Confidential Discovery Material or Attorneys' Eyes Only Discovery Material is used in any Court proceeding in this action or any appeal therefrom, such Confidential Discovery Material or Attorneys' Eyes Only Discovery Material shall not lose its status as Confidential Discovery Material or Attorneys' Eyes Only Discovery Material through such use.

c. Counsel shall meet and confer on procedures that are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any court proceedings.

9. <u>Discovery from Non-Parties of Confidential Discovery Material.</u> A Non-Party that produces documents or makes documents available for inspection need not designate them

8

for protection until after the inspecting Party has indicated which documents it would like copied and produced. After production by a Non-Party and during the inspection and before designation, all of the material produced or made available for inspection shall be temporarily deemed "CONFIDENTIAL." Within ten (10) business days of production or identification of documents to be copied and produced, the Non-Party and/or any Party may designate qualifying documents for protection under this Order and affix the CONFIDENTIAL designation to each document so designated and produce the specified documents, upon which the temporary omnibus "Confidential" classification shall expire.

      10.    <u>Discovery from Non-Parties of Attorneys' Eyes Only Discovery Material</u>. If at any time Discovery Material is sought by a Party by subpoena to a Non-Party, and the Discovery Material sought by subpoena is, in good faith, believed to contain Attorneys' Eyes Only Discovery Material, the non-requesting Party shall immediately give written notice thereof to the requesting Party and the Non-Party. The burden shall be on the non-requesting Party to timely file a motion for an Attorneys' Eyes Only confidentiality order or to quash. During the pendency of any such motion, the Parties agree that the Non-Party shall not produce the Discovery Material at issue.

      11.    <u>Subpoena.</u> If at any time any Confidential Discovery Material or Attorneys' Eyes Only Discovery Material is sought by subpoena or comparable administrative or legislative process by any court, administrative or legislative body, or is requested by any other person or entity purporting to have authority to require the production of such information, the Party to whom the subpoena or other request is directed shall immediately give written notice thereof to any Producing Party (unless the giving of notice is precluded by law). The burden shall be on the Producing Party to timely file a motion for confidentiality order or to quash. During the

pendency of any such motion, the Parties in possession of Confidential Discovery Material or Attorneys' Eyes Only Discovery Material shall not produce the Confidential Discovery Material or Attorneys' Eyes Only Discovery Material except if the information is sought pursuant to a subpoena or other comparable process from a government entity or court order, in which case nothing herein shall preclude timely compliance. The Producing Party's failure to file a timely motion directed to the subpoena or other comparable process shall relieve the Party receiving such subpoena or other process of the constraints of this Order as to the Materials requested.

12. <u>Destruction of Confidential Discovery Material</u> and Attorneys' Eyes Only Discovery Material<u>.</u> Within 30 days following the termination of this action (including any appeals), counsel for each Receiving Party shall destroy all Confidential Discovery Material or Attorneys' Eyes Only Discovery Material received, and any copies thereof, and shall certify in writing to opposing counsel that such Confidential Discovery Material or Attorneys' Eyes Only Discovery Material has been destroyed. The cost of so destroying Confidential Discovery Material or Attorneys' Eyes Only Discovery Material shall be borne by the Receiving Party. Notwithstanding the foregoing, counsel who have entered their appearance in this action shall be entitled to keep their own copies of pleadings and other papers submitted to the Court, as well as memoranda, correspondence, notes and work product created in the course of this action, even if such documents contain or refer to the contents of Confidential Discovery Material or Attorneys' Eyes Only Discovery Material; provided, however, that these copies shall continue to be subject to the provisions of this Order even after the termination of this action.

13. <u>Challenges to Designation.</u> Any Confidential or Attorneys' Eyes Only designation is subject to challenge. The following procedures shall apply to any such challenge:

a. The burden of proving the necessity of a Confidential or Attorneys' Eyes Only designation shall be determined under the Federal Rules of Civil Procedure and federal law.

b. A Party who contends that information designated Confidential or Attorneys' Eyes Only is not entitled to Confidential or Attorneys' Eyes Only treatment shall give written notice to the producing party who affixed the designation of the specific basis for the challenge. All parties to the action shall be copied timely with the written notice. The producing party who so designated the documents and the party who gave written notice of the challenge shall have ten (10) business days from service of the written notice to confer. If the dispute cannot be resolved, the designating party shall file a motion for protective order within twenty (20) business days of the date in which the challenging party informs the designating party in writing that they are unable to resolve the dispute.

c. Notwithstanding any challenge to the designation of documents as Confidential or Attorneys' Eyes Only, all material previously designated Confidential or Attorneys' Eyes only shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

(1) the party who claims that the documents are Confidential or Attorneys' Eyes Only withdraws such designation in writing; or

(2) the Court rules that the documents should no longer be designated as Confidential or Attorneys' Eyes Only, and the time for appellate review thereof has run.

d. Challenges to the designation of documents as Confidential or Attorneys' Eyes Only may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

14. <u>Producing Party's Use of its Own Discovery Material.</u> Nothing in this Order shall restrict a Producing Party's use or disclosure of its own Discovery Material.

15. <u>Material Obtained Through Means Other Than Discovery.</u> Nothing in this Order shall restrict the use or disclosure by a Party of documents, electronically stored information, tangible materials, or other information that is designated as Confidential Discovery Material by a Producing Party in this case but is also lawfully otherwise obtained by the Receiving Party.

16. <u>Inadvertent Production.</u> If Discovery Material produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the Producing Party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, the Receiving Party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the Receiving Party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The Producing Party must preserve the information until the claim is resolved.

17. <u>Inadvertent Failure to Designate.</u> An inadvertent failure to designate a document, information or material as Confidential or Attorneys' Eyes Only does not, standing alone, waive a party's right to secure protection under this Order for such material. Upon discovery of an inadvertent failure to so designate, and within sixty (60) days of the production of such Discovery Material, a Party may give written notice to the Receiving Party that the document,

information or material is deemed Confidential or Attorneys' Eyes Only and should be treated as such in accordance with that designation under this Order. Within ten (10) business days of receipt of such notice, the Producing Party and Receiving Party must meet and confer regarding the late designation of the document. During such time, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the terms of this Order, subject to the right to challenge the propriety of such designation(s). If the Receiving Party has disclosed the document, information or material before receiving the designation, it must notify the Producing Party in writing of each such disclosure and the designating party shall provide substitute copies of documents bearing the inadvertently omitted confidentiality or attorneys' eyes only designation. If the Producing Party does not provide notice within sixty (60) days, or fails to comply with the meet and confer requirements, the Producing Party waives the right to designate the documents as confidential or attorneys' eyes only.

18. <u>Notices.</u> All notices, requests and demands to or upon any of the Parties under this Order shall be in writing, and, unless otherwise expressly provided herein, shall be deemed to have been duly given or made when (a) for delivery by mail or courier, when delivered; or (b) for delivery by facsimile or e-mail, when received, addressed as follows, or to such other address as may be hereafter indicated by any Party:

For Plaintiff:

| | |
|---|---|
| Richard W. Epstein<br>Florida Bar No.: 229091<br>Jeffrey A. Backman<br>Florida Bar No.: 662501<br>B. Eliot New<br>Florida Bar No.: 1008211<br>**Greenspoon Marder, LLP**<br>200 East Broward Boulevard, Suite 1800<br>Fort Lauderdale, Florida 33301<br>Telephone: (954) 491-1120<br>Facsimile:  (954) 343-6958<br>richard.epstein@gmlaw.com<br>Jeffrey.backman@gmlaw.com<br>Eliot.new@gmlaw.com | Robert L. Vance<br>BPR: #021733<br>Gregory C. Logue<br>BPR: #012157<br>**Woolf, McClane, Bright, Allen &**<br>**Carpenter, PLLC**<br>Post Office Box 900<br>Knoxville, TN 3790`-0900<br>bvance@wmbac.com<br>glogue@wmbac.com |

For Defendants:

| | |
|---|---|
| Aubrey B. Harwell, Jr.<br>BPR: #002559<br>John E. Quinn<br>BPR: #012220<br>Erik C. Lybeck<br>BPR: #035233<br>**Neal & Harwell, PLC**<br>1201 Demonbreun Street<br>Suite 1000<br>Nashville, TN 37203<br>(615) 244-1713 – Telephone<br>(615) 726-0573 – Facsimile<br>aharwell@nealharwell.com<br>jquinn@nealharwell.com<br>elybeck@nealharwell.com | Wayne A. Ritchie II<br>BPR: #013936<br>James R. Stovall<br>BPR: #032512<br>Samantha I. Ellis<br>BPR: #036709<br>**Ritchie, Dillard, Davies & Johnson, P.C.**<br>606 West Main Street<br>Suite 300<br>Knoxville, TN 37902<br>(865) 637-0661<br>(865) 524-4623 (facsimile)<br>war@rddjlaw.com<br>jstovall@rddjlaw.com<br>swarchol@rddjlaw.com |

Any of the Parties may change its address and transmission numbers for Notices by Notice in the manner provided in this Paragraph.

19. <u>Objections to Admissibility Preserved.</u>  Nothing in this Order shall be construed to affect in any way the rights of any Party to object to the admissibility of any materials into evidence at the trial of this action.

14

20. <u>No Waiver of Privileges.</u>  Nothing in this Order shall constitute a waiver by any Party of any claim of privilege or other protection from discovery.

21. <u>Interim Period.</u>  Each Party and its counsel agree to abide by the terms of this Order in the interim period between execution by counsel and entry of this Order by the Court.

22. <u>Non-Parties.</u>  Any non-party may agree to be subject to and governed by the terms of this Order.

23. <u>Future Parties.</u>  In the event that any additional party joins or is joined in this litigation or desires to have access to Discovery Material, it shall not have access to Confidential Discovery Material or Attorneys' Eyes Only Discovery Material until the additional party, by its counsel, has executed and filed with the Court its agreement to be fully bound by this Order.

24. <u>Modification.</u>  Any Party may move for a modification of this Order at any time, upon notice to all Parties.  The Parties may, by stipulation, provide for exceptions to this Order.

25. <u>Continuing Jurisdiction.</u>  The Court shall retain jurisdiction, even after the conclusion of this action, for purposes of enforcing the provisions of this Order.

STIPULATED AND AGREED on September 14, 2021

| | |
|---|---|
| s/ *John E. Quinn* <br> Aubrey B. Harwell, Jr., #002559 <br> John E. Quinn, #012220 <br> Erik C. Lybeck, #035233 <br> **NEAL & HARWELL, PLC** <br> 1201 Demonbreun Street <br> Suite 1000 <br> Nashville, TN 37203 <br> (615) 244-1713 – Telephone <br> (615) 726-0573 – Facsimile <br> aharwell@nealharwell.com <br> jquinn@nealharwell.com <br> elybeck@nealharwell.com <br><br> Wayne A. Ritchie II, #013936 <br> James R. Stovall, # 032512 <br> Samantha I. Ellis, # 036709 <br> **RITCHIE, DILLARD, DAVIES & JOHNSON, P.C.** <br> 606 West Main Street, Suite 300 <br> Knoxville, TN 37902 <br> (865) 637-0661 <br> (865) 524-4623 (facsimile) <br> war@rddjlaw.com <br> jstovall@rddjlaw.com <br> swarchol@rddjlaw.com <br><br> *Attorneys for Defendants* | s/ *Eliot New* <br> Richard W. Epstein <br> Florida Bar No.: 229091 <br> Jeffrey A. Backman <br> Florida Bar No.: 662501 <br> B. Eliot New <br> Florida Bar No.: 1008211 <br> **GREENSPOON MARDER LLP** <br> 200 East Broward Boulevard, Suite 1800 <br> Fort Lauderdale, Florida 33301 <br> Telephone: (954) 491-1120 <br> Facsimile: (954) 343-6958 <br> richard.epstein@gmlaw.com <br> jeffrey.backman@gmlaw.com <br> eliot.new@gmlaw.com <br><br> Robert L. Vance, #021733 <br> Gregory C. Logue, #012157 <br> **WOOLF, MCCLANE, BRIGHT, ALLEN & CARPENTER, PLLC** <br> Post Office Box 900 <br> Knoxville, Tennessee 37901-0900 <br> Telephone: (865) 215-1000 <br> Facsimile: (865) 215-1001 <br> bvance@wmbac.com <br> glogue@wmbac.com <br><br> *Attorneys for Plaintiffs* |

**IT IS SO ORDERED.**

ENTER:

*/s/ Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

**EXHIBIT A**

I hereby certify my understanding that Confidential Discovery Material or Attorneys' Eyes Only Discovery Material is being provided to me pursuant to the terms and restrictions of the Discovery Confidential Order (the "Order") entered by order of the United States District Court for the Eastern District of Tennessee at Knoxville, in the action entitled *Diamond Resorts U.S. Collection Development, LLC et al. v. Wesley Financial Group, LLC et al.,* Case No. 3:20-CV-00251.

I further certify that I have been provided a copy of and have read the Order; that I agree to abide by the terms of the Order; and that I hereby agree to subject myself to the jurisdiction of the United States District Court for the Eastern District of Tennessee for purposes of enforcement of the terms and restrictions of the Order. I understand that violation of the Order is punishable by contempt of court.

Signed:_____

Name: _____

Address: _____

Dated: _____