UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DIAMOND RESORTS U.S. COLLECTION DEVELOPMENT, LLC, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) No. 3:20-CV-251-DCLC-DCP ) |
| WESLEY FINANCIAL GROUP, LLC, *et al.*, | ) ) |
| Defendants. | ) |

## **ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

The parties appeared before the undersigned for a status conference and a motion hearing on April 4, 2023.[1] Attorneys Richard Epstein, Phillip Silvestri, and Robert Vance appeared on behalf of Plaintiffs. Attorneys John Quinn, Wayne Ritchie, and James Stovall appeared on behalf of Defendants. By way of background, on September 16, 2021, the Court granted Defendants' request to enter a Protective Order containing an Attorney's Eyes Only ("AEO") provision in light of concerns that should Defendants disclose the identity of their current customers, Plaintiffs would take adverse actions against the customers [Docs. 63 and 72]. Specifically, the Court only allowed an AEO designation for discovery seeking the identity of Defendants' current customers [Doc. 63 p. 17].

Through recent motion practice in this case, and at the April 4 hearing, Defendants

---

[1] The Court specifically set the hearing to address Plaintiffs' Emergency Motion to Stay Briefing on Second Motion for Sanctions and Request for Hearing [Doc. 151] and the status of the case in light of the other pending motions.

acknowledged that they committed errors with respect to its de-designations from current customers to former customers and vice versa. These errors have impacted this case [*See* Doc. 149]. During the April 4 hearing, Defendants explained that they are now conducting a manual review to ensure that their de-designations of current customers to former customers are accurate. According to Defendants, part of this process involves following up with the customers in thirty (30) to ninety (90) day intervals to determine whether Plaintiffs have terminated Defendants' customers' timeshares. The parties agreed, however, that Plaintiffs ultimately determine whether Defendants' customers' timeshares have been terminated.

In light of Defendants' errors and to provide objective confirmation that Defendants' designations of AEO are appropriate, the Court proposed that Plaintiffs designate a person or small team to confirm the accuracy of these designations. The parties accepted this proposal. Paragraph 7(b), section (7) of the Protective Order [Doc. 72] provides that "upon order of the Court," the undersigned may include additional individuals who have access to AEO discovery. Accordingly, after signing Exhibit A to the Protective Order [Doc. 72 p. 17], the Court **FINDS** the following individuals **SHALL** be entitled to AEO discovery: (1) Kate Gringas, (2) Calder Huntington, and (3) Daniel Schetter.

**IT IS SO ORDERED.**

ENTER:

*/s/ Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge