IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DIAMOND RESORTS U.S. COLLECTION DEVELOPMENT, LLC, DIAMOND RESORTS HAWAII COLLECTION DEVELOPMENT, LLC, and DIAMOND RESORTS MANAGEMENT, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WESLEY FINANCIAL GROUP, LLC, and CHARLES WILLIAM MCDOWELL, III, <br><br> Defendants. | No. 3:20-CV-00251 <br> JUDGE CORKER <br> MAGISTRATE JUDGE POPLIN <br><br> JURY DEMAND |

**DEFENDANT WESLEY FINANCIAL GROUP, LLC'S
MEMORANDUM IN SUPPORT OF MOTION TO CONTINUE SEALING AND
RESPONSE TO PLAINTIFFS' MOTION TO SEAL**

As required by the Parties' Protective Order, Plaintiffs Diamond Resorts U.S. Collection Development, LLC, et al. have filed Exhibits 2-4, 6 and 7 to the Sworn Declaration of Phillip A. Silvestri [Doc. Nos. 142-2, 142-3, 142-4, 142-6, and 142-7] under seal in order to protect the privacy interests of shared customers. [Doc. No. 141.] Defendants move to keep them under seal both in order to protect the privacy interests of non-party customers and also to comply with this Court's Order on November 23, 2022 [Doc. No. 114]. Specifically, Defendants file this brief supporting the sealing of: Doc. Nos. 142-2, 142-3, 142-4, 142-6, and 142-7 (which are Exhibits 2-4, 6 and 7 to the Sworn Declaration of Phillip A. Silvestri).

**STANDARD OF REVIEW**

Although there is a strong presumption in favor of openness in court records, the Sixth Circuit has recognized that sealing court records may nevertheless be appropriate in certain circumstances. *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir.

2016). In civil litigation, sealing court records is appropriate for "trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence." *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594-95 (6th Cir. 2016) (internal citations omitted). The proponent for sealing must analyze each document in detail, explaining the propriety and need for secrecy. *Shane Grp.*, 825 F.3d at 305-06 (citation omitted).

## ARGUMENT

Wesley seeks to keep under seal documents revealing the identity of Wesley's current and former customers which this Court has already recognized as being worthy of protection from disclosure. [Doc. No. 104.] Specifically, this rationale warrants the continued sealing of the following documents:

- Doc No. 142-2, New Former Customers, Exhibit 2 to the Sworn Declaration of Phillip A. Silvestri;
- Doc No. 142-3, Email Chain, Exhibit 3 to the Sworn Declaration of Phillip A. Silvestri;
- Doc No. 142-4, July 28, 2022 Email Chain, Exhibit 4 to the Sworn Declaration of Phillip A. Silvestri; and
- Doc No. 142-7, Composite Exhibit TS Facts Wesley Docs, Exhibit 7 to the Sworn Declaration of Phillip A. Silvestri.

These documents reveal the identity of Wesley's current and former customers. As to current customers, this Court has repeatedly upheld the necessity of keeping that information Attorneys' Eyes Only. (*See, e.g.,* Doc. No. 104.) As to former customers, Wesley's former customers have a privacy interest in their confidential business dealings with Wesley, and there is no need to invade their privacy by placing their names in the public record. *See, e.g., Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983) (recognizing that the privacy rights of third parties may be protected by placing court records under seal, in appropriate circumstances).

In an effort to narrowly tailor the sealing of these records to the specific information being protected, Defendants will file a redacted version of this document within a reasonable time after the Court's ruling on this Motion.

Wesley also seeks to keep under seal Doc No. 142-6, TS Facts Letter, Exhibit 6 to the Sworn Declaration of Phillip A. Silvestri, pursuant to this Court's Order on November 23, 2022 [Doc. No. 114]. As stated in the Court's Order, portions of TS Fact Letter, Exhibit 6 to the Sworn Declaration of Phillip A. Silvestri, are irrelevant to this case and, therefore, do not need to be introduced into the public record. Again, in an effort to narrowly tailor the sealing of these records to the specific information that is irrelevant, Defendants will file a redacted version of this document within a reasonable time after the Court's ruling on this Motion.

## **CONCLUSION**

For all of the reasons set forth in this Memorandum, Wesley respectfully requests that these documents be kept under seal.

Respectfully submitted,

NEAL & HARWELL, PLC

s/John E. Quinn
Aubrey B. Harwell, Jr., #2559
John E. Quinn, #12220
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
(615) 244-1713 – Telephone
(615) 726-0573 – Facsimile
aharwell@nealharwell.com
jquinn@nealharwell.com

Wayne A. Ritchie II, BPR #013936
James R. Stovall, BPR # 32512
Samantha I. Ellis, BPR # 036709
Ritchie, Davies, Johnson & Stovall, P.C.
606 West Main Street, Suite 300
Knoxville, TN 37902
(865) 637-0661
(865) 524-4623 (facsimile)
war@rdjs.com
jstovall@rdjs.com
sellis@rdjs.com

*Attorneys for Wesley Financial Group, LLC and Charles William McDowell, III*

4

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing has been served on the following counsel via e-mail on this 18th day of April 2023:

| | |
|---|---|
| Richard W. Epstein, Esq. | Robert L. Vance, Esq. |
| Jeffrey Backman, Esq. | Gregory C. Logue, Esq. |
| B. Eliot New, Esq. | Woolf, McClane, Bright, |
| Greenspoon Marder LLP |    Allen & Carpenter, PLLC |
| 200 E. Broward Blvd., Suite 1800 | P.O. Box 900 |
| Fort Lauderdale, FL 33301 | Knoxville, TN 37901 |

Phillip A. Silvestri, Esq.
Greenspoon Marder LLP
3993 Howard Hughes Pkwy., Ste. 400
Las Vegas, NV 89169

                /s/ John E. Quinn
                John E. Quinn

Case 3:20-cv-00251-DCLC-DCP   Document 174   Filed 04/18/23   Page 5 of 5
PageID #: 2739