UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DIAMOND RESORTS U.S. COLLECTION DEVELOPMENT, LLC, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:20-CV-251-DCLC-DCP ) |
| WESLEY FINANCIAL GROUP, LLC, *et al.*, | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' Motion to Seal [Doc. 343], which seeks leave to file under seal their Opposition to Defendants' Motion to Preclude Plaintiffs from Using 'AEO' Customers in Their Disgorgement Calculation ("Opposition") [Doc. 342 SEALED] and all the exhibits thereto [Docs. 342-1 to 342-7]. Defendants have responded to the motion [Doc. 350].

On November 18, 2024, the parties requested that the Court hold this motion in abeyance pending their efforts to resolve this case [Doc. 353]. The Court granted the parties' request and held the motion in abeyance until January 31, 2025 [Doc. 354]. The parties filed a status report on January 31, 2025, requesting additional time to complete their discussions about an early resolution [Doc. 355]. The Court also granted this request [Doc. 356]. On March 3, 2025, the parties filed a joint status report stating that they were unable to resolve this matter and that holding the motion in abeyance is no longer necessary [Doc. 357].

The motion is therefore ripe for adjudication. *See* E.D. Tenn. L.R. 7.1(a). For the reasons stated below, the Court **DENIES WITHOUT PREJUDICE** the motion [**Doc. 343**].

I.  ANALYSIS

On June 9, 2020, the Court entered the Memorandum and Order Regarding Sealing Confidential Information ("Sealing Order") [Doc. 8] that sets forth the standard and procedure for filing material under seal. With respect to the standard, the Sealing Order states that a party requesting leave to seal documents has a "very high barrier . . . to overcome the presumption of openness as to a court's record" [*Id*. at 1 (citation omitted)].  A party requesting that documents be sealed must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations" [*Id*. at 2 (citation omitted)].  The Sealing Order explains, "It is highly unlikely that the Court will place entire motions and their supporting documents under seal.  To do so would eliminate from the public record all bases for any ruling upon the motion by the Court thereby eviscerating the public's First Amendment right of access." [*Id*. at 3].  The Local Rules permit the Court to seal documents upon a finding of good cause.  E.D. Tenn. L.R. 26.2.

Plaintiffs filed the motion because Defendants designated the information as confidential, [Doc. 343 p. 1].  "[W]ith the limited exception of AEO customers' names," Plaintiffs do not believe the documents require sealing [*Id*.].

Defendants respond to the motion, stating that it should be granted [Doc. 350].  First, Defendants accuse Plaintiffs of not following the procedure outlined in the parties' Confidentiality Order [*Id*. at 1 (citing Doc. 72 ¶ 13(b))].  Defendants assert that because Plaintiffs did not follow that procedure,  "Plaintiffs' self-contradictory request to remove confidentiality and AEO protections is procedurally improper" [*Id*. at 2].  Second, Defendants submit that Plaintiffs violated Local Rule 5.2 by filing "complete versions of multiple expert reports and an expert deposition" [*Id*.].  Third, Defendants state, "Plaintiffs concede that 'AEO customers' names' should continue to be protected" [*Id*.].  Defendants contend that the exhibits include more than just customer names,

2

"such as addresses, unique customer identification numbers, and payment amounts" [*Id*. (citations omitted)]. Fourth, Defendants argue that Plaintiffs agreed, and the Court found, that certain information is entitled to be designated as confidential [*Id*. at 3 (citing Doc. 72 ¶ 1)]. Defendants provide, "The documents at issue contain non-public business and financial information" and that the "expert reports and declaration discuss non-public financial figures" [*Id*. (citations omitted)].

The Court has reviewed the Opposition [Doc. 342 SEALED] and the exhibits thereto [Docs. 342-1 to 342-7 SEALED] and finds that Defendants have not met their very high burden to seal these documents in whole. Defendants argue, "In the Confidentiality Order, . . . Plaintiffs already 'stipulated and agreed,' and the Court found, that non-public 'commercial, financial, transactional' and other 'non-public' information is entitled to be designated Confidential' [Doc. 350 p. 3 (citing Doc. 72 ¶ 1)]. But this pertains to materials exchanged during discovery [Doc. 72 ¶ 1]. As the Sealing Order explains, "This Court regularly signs agreed protective orders, pursuant to Federal Rule of Civil Procedure 26(c), which permit the parties to designate the discovery they wish to keep confidential among themselves" [Doc. 8 p. 1]. "There is a stark difference between so-called 'protective orders' entered pursuant to the discovery provisions of [Rule 26], on the one hand, and orders to seal court records, on the other" [*Id*. (quoting *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016))].

Defendants state that Plaintiffs' motion seeks to unseal the documents, and therefore, they were required to follow the procedure for challenging designations outlined in the Protective Order [Doc. 350 p. 1 (citing Doc. 72 ¶ 13(b))]. But this dispute came before the Court on a motion to seal, which the Protective Order also addresses [*See* Doc. 72 ¶ 8]. Regardless, even if Defendants are correct, they ask that the Court deny Plaintiffs' request to unseal documents and grant the motion [Doc. 350 p. 2]. This request conflicts with the Sixth Circuit's requirement that district

3

Case 3:20-cv-00251-DCLC-DCP   Document 360   Filed 03/18/25   Page 3 of 5
PageID #: 8369

courts "set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp., Inc.*, 825 F.3d 299, 306 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1176 (6th Cir. 1983)). Based on the instant filings, the Court cannot conduct that analysis.

Defendants, however, have identified some information that may justify nondisclosure to the public [Doc. 350 pp. 2–3].[1] But they have not explained why redactions to at least some of the documents are not more appropriate. The Court will give them an opportunity to do so.

The Court therefore **DENIES WITHOUT PREJUDICE** Plaintiffs' Motion to Seal [**Doc. 343**]. In accordance with Rule 12.2 of the ECF Rules and Procedures, the Court **DIRECTS** the Clerk's Office to **DELETE** the Opposition [**Doc. 342**] and the exhibits thereto [**Docs. 342-1 to 342-7**]. The parties **SHALL** meet and confer on or before **March 25, 2025**, about appropriate redactions or sealing. To the extent redactions or sealing are requested, the parties **SHALL** file a joint motion to seal on or before **March 28, 2025**, setting forth their respective positions on the redactions or sealing. In filing this motion, the Court **DIRECTS** the parties to the procedures outlined in the Sealing Order [Doc. 8 p. 2].

To the extent both parties believe sealing or redactions are no longer necessary, Plaintiffs **SHALL** refile their Opposition and the exhibits thereto in the public record on or before **March 28, 2025**.

---

[1] Defendants also state that Plaintiffs violated Local Rule 5.3, which states, "When filing such materials, only excerpts of the documents which are directly germane to the matter under consideration by the Court may be filed." E.D. Tenn. L.R. 5.3. Defendants state, "Plaintiffs' request could be addressed by striking the exhibits for failure to comply with [Local Rule] 5.3" [Doc. 350 p. 2]. It is not clear to the Court that this dispute would be addressed by striking all the exhibits because Plaintiffs' Opposition is currently sealed [*See* Doc. 342 SEALED]. The Court directs the parties to discuss this issue during the meet and confer.

## II. CONCLUSION

For the reasons stated above, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' Motion to Seal [**Doc. 343**].

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge