UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DIAMOND RESORTS U.S. COLLECTION DEVELOPMENT, LLC, *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 3:20-CV-251-DCLC-DCP<br>) |
| WESLEY FINANCIAL GROUP, LLC, *et al.*, | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is the Defendants' Motion to Compel Plaintiffs to Cooperate in Scheduling the Deposition of ARDA [Doc. 337]. Plaintiffs filed a response in opposition to the motion [Doc. 341], and Defendants filed a reply [Doc. 346]. On November 18, 2024, the parties requested that the Court hold this motion in abeyance pending their efforts to resolve this case [Doc. 353]. The Court granted the parties' request and held the motion in abeyance until January 31, 2025 [Doc. 354]. The parties filed a status report on January 31, 2025, requesting additional time to complete their discussions about an early resolution [Doc. 355]. The Court also granted this request [Doc. 356]. On March 3, 2025, the parties filed a joint status report stating that they were unable to resolve this matter and that holding the motion in abeyance is no longer necessary [Doc. 357].

The motion is therefore ripe for adjudication. *See* E.D. Tenn. L.R. 7.1(a). For the reasons stated below, the Court **DENIES** the motion [**Doc. 337**].

I.  BACKGROUND

Almost five years ago, on September 16, 2020, the parties filed their Rule 26(f) report [Doc. 31].  The parties agreed, "A maximum of 25 in person depositions will be conducted by each party (excluding corporate representatives)" [Doc. 31 p. 4].  Many Scheduling Orders later [*see* Docs. 33, 60, 78, 112, 149, 181], all discovery in this case was set to conclude on March 29, 2024 [Doc. 181].

On February 22, 2024, Defendants filed a Notice of American Resort Development Association, Inc.'s Fed. R. Civ. P. 30(b)(6) Audio and Video Deposition ("Notice") [Doc. 337-1].  The Notice set the deposition for March 13, 2024 [*Id*.].  On March 11, 20224, the American Resort Development Association, Inc. ("ARDA") filed a motion to quash or for protective order in the Middle District of Florida [Doc. 337-2].  On July 7, 2024, United States Magistrate Judge Embry J. Kidd entered an order granting in part and denying in part the motion [Doc. 337-3].

On August 16, 2024, Defendants filed the instant motion [Doc. 337].  They seek to compel Plaintiffs to cooperate in scheduling the deposition of ARDA [*Id*.].  According to Defendants, "Plaintiffs claim that the deposition should not proceed because the discovery cutoff has passed" [*Id*.].  But Defendants state that they served the subpoena on ARDA and scheduled the deposition prior to the discovery deadline [*Id*. at 2].  In addition, Defendants assert, "Plaintiffs claim that Defendants have already taken all 25 of the non-party or third-party depositions allocated to each side" [*Id*. at 3].  But Defendants claim that Plaintiffs improperly included expert depositions in that count [*Id*.].  Defendants seek an order "compelling Plaintiffs to cooperate in scheduling the [Rule] 30(b)(6) deposition of ARDA" [*Id*.].

Plaintiffs respond that Defendants "need[] to take the proper steps to obtain an extension" [Doc. 341 p. 3 (citations omitted)].  According to Plaintiffs, Defendants have failed to seek an

extension of the discovery deadline setting forth good cause and excusable neglect for the request [*Id*. (citations omitted)]. But even if Defendants had filed an appropriate motion, Plaintiffs argue that they cannot established good cause or excusable neglect for an extension [*Id*.]. In addition, Plaintiffs state that Defendants need the Court's leave to depose ARDA because Defendants "exhausted [their] limits of depositions" [*Id*. at 4]. Citing to the parties' Rule 26(f) report, Plaintiffs assert that the parties agreed to conduct 25 in-person depositions [*Id*.]. In light of their agreement, Plaintiffs claim that Defendants are "required to file an appropriate motion, and make a particularized showing to the Court that the ARDA deposition is necessary and consistent with the considerations set forth in Rule 26(b)(2) in order to take the deposition" [*Id*. at 6 (citation omitted)]. To the extent Defendants seek an order requiring Plaintiffs to participate in the scheduling of the deposition, Plaintiffs state that that request is moot because they provided dates; they "simply do[] not believe it is the parties' prerogative to ignore this Court's orders and schedule discovery no party should be permitted to take without Court approval" [*Id*.].

Defendants filed a reply, arguing that Plaintiffs' position has no merit [Doc. 346 p. 1]. They assert that Plaintiffs' argument about needing to file a motion to extend the discovery deadline "ignores the particular circumstances in this case" [*Id*. at 2]. Defendants further claim that the parties' limitation on the number of depositions did not include expert depositions [*Id*. at 1]. Defendants deny that their motion is moot, stating that Plaintiffs take the position that the deposition should not proceed [*Id.* at 3].

II. **ANALYSIS**

The Court finds Defendants' motion is procedurally improper. First, the discovery deadline expired in this case on March 29, 2024 [Doc. 181]. Rule 16 of the Federal Rules of Civil Procedure states, "A schedule may be modified only for good cause and with the judge's consent."

3

Fed. R. Civ. P. 16(b)(4); *see also* Fed. R. Civ. P. 6(b)(1)(A)–(B) (noting that the party must show good cause for an extension if made before the deadline expires and must show good cause and excusable negligent if the motion is made after the deadline expires). Given that ARDA's deposition would occur outside the discovery deadline, Defendants need the Court's permission to modify the deadline. They have not sought an extension to take the deposition.

Defendants state that they "[are not] moving to compel some unheard of[] deposition" and that they noticed it before the discovery deadline" [Doc. 346 p. 2]. But in light of ARDA's objection, the deposition did not occur before the discovery deadline, meaning a modification was necessary. Defendants' arguments about the particular circumstances of this case, e.g., ARDA's objection, are more appropriately weighed as part of whether Defendants have shown good cause or excusable neglect. *See Universal Truckload, Inc. v. Bridge*, No. 22-10988, 2023 WL 3309840, at *2 (E.D. Mich. May 8, 2023) ("Plaintiff was diligent in pursuing this subpoena and moved for an extension of discovery. Good cause exists here." (footnote omitted)).

According to Defendants, "[W]here a deposition is properly noticed and pursued prior to the discovery cutoff, and the delay or avoidance is due to the other party's conduct, courts unanimously find that the party noticing the deposition is entitled to take the deposition after the close of discovery" [Doc. 346 p. 2 (citations omitted)]. But in many of the cases that they reference, the party seeking the additional discovery filed a motion to extend the discovery deadline. *Davis v. Runyon*, 142 F.3d 433, 1998 WL 96558, at *1 (6th Cir. 1998) (table opinion) ("Appellant filed a motion requesting a thirty-day extension of the discovery deadline in order to complete discovery."); *Cleaborn v. Gentry*, No. 2:18-CV-2603, 2019 WL 4750599, at *1 (W.D. Tenn. Sept. 30, 2019) ("On July 10, 2019, the Court granted the Defendants' Motion to Extend the Discovery Deadline to August 9, 2019 for the limited purpose of deposing Plaintiff."); *Milton v.*

*Bottling Grp., LLC*, No. 14-CV-13576, 2015 WL 5590572, at *1 (E.D. Mich. Sept. 22, 2015) ("Plaintiff, therefore, filed the instant Motion on April 24, 2015, seeking a court order compelling the deposition of Mr. Summit and a thirty-day extension of the discovery deadline to permit Plaintiff to take Mr. Summit's deposition.").[1] Indeed, as the Sixth Circuit Court of Appeals has explained, in determining whether an extension is warranted, courts should review the following relevant factors:

> (1) when the appellant learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would have changed the ruling below; (3) how long the discovery period had lasted; (4) whether the appellant was dilatory in its discovery efforts; and (5) whether the appellee was responsive to discovery requests.

*Davis*, 1998 WL 96558, at *3. Because Defendants did not file a motion to extend the discovery deadline, the Court cannot undertake a complete analysis of those factors.[2]

Second, the parties agreed, "A maximum of 25 in person depositions will be conducted by each party (excluding corporate representatives)" [Doc. 31 p. 4]. "Courts will enforce discovery agreements reached between two parties." *J.S.T. Corp. v. Robert Bosch LLC*, No. 15-13842, 2019 WL 1857080, at *5 (E.D. Mich. Apr. 23, 2019) (citing *In re Santa Fe Nat. Tobacco Co. Mktg. &*

---

[1] The only case that does not reference a motion for extension is *Simply Bright Ideas, Inc. v. Worth Inv. Grp., LLC*, No. 2:19-CV-11718, 2020 WL 5291976, at *1 (E.D. Mich. Sept. 4, 2020). But in that case, the specific issue before the court was whether subpoenas, as opposed to deposition notices, were necessary. Here, Plaintiffs have objected based on procedural grounds.

[2] Defendants argue that at the April 3 hearing with the Court, Plaintiffs' counsel referenced a previous order relating to Defendants' motion to compel document production by ARDA [Doc. 337 p. 2]. According to Defendants, Plaintiffs' counsel stated that "any actions taken by ARDA' were questions for ARDA" and that "if, and when, they depose ARDA, which seems likely that they will given [the Court's] order the other day, they can ask ARDA that'" [*Id.* (citations omitted)]. Defendants submit, "Plaintiffs' counsel acknowledged that it could proceed after the cutoff" [Doc. 346 p. 2 (citation omitted)]. Even if this interpretation of Plaintiffs' counsel comments is correct, this argument does not address Rule 16's requirements that any modifications of the schedule require the judge's consent. *See* Fed. R. Civ. P. 16(b)(4).

*Sales Pracs. and Prod. Liab. Litig.*, No. MD 16-2695, 2018 WL 3972909, at *11 (D.N.M. Aug. 18, 2018)), *report and recommendation adopted by* No. 15-13842, 2019 WL 1790250 (E.D. Mich. Apr. 24, 2019); *see also Libertarian Party of Ohio v. Husted*, 302 F.R.D. 472, 478 (S.D. Ohio 2014) ("[Rule] 29 permits the parties to make agreements about discovery."). "[T]he Court has an obligation to read any purported written discovery agreement fairly and reasonably, and to place the burden of persuasion on the party asserting that an agreement has been reached." *Libertarian Party of Ohio*, 302 F.R.D. at 478 (citation omitted).

Defendants argue, "A disclosed expert engaged by one of the parties is not a 'third party'" [Doc. 337 p. 3]. But as Plaintiffs point out, "There was no reference to 'non-party' or 'third-party' depositions" in the parties' agreement [Doc. 341 p. 4]. Defendants argue, "Until now, the parties' understanding was that the limit on third-party depositions concerns fact witnesses, not experts" [Doc. 337 p. 3], but that understanding is not consistent with the terms of the parties' agreement [*see* Doc. 31 p. 4], and at least some cases have held that experts are included in Rule 30's limit. *Smith v. Smith*, No. 19-10330, 2020 WL 1933820, at *5 (E.D. Mich. Apr. 22, 2020) (finding that Rule 30's limit of 10 depositions includes expert witnesses); *see also Ecolab, Inc. v. Ridley*, No. 1:22-CV-050, 2023 WL 11762603, at *5 (E.D. Tenn. May 5, 2023) ("Expert depositions, like other depositions, are governed by Rule 30.").[3]

In addition, Defendants state that they served other subpoenas around the same time and that "Plaintiffs never took the position that, if all the proposed third-party depositions occurred, Defendants wouldn't have enough depositions left to depose all of Plaintiffs' experts" [Doc. 337

---

[3] There is disagreement as to whether experts are included in Rule 30's limitation. *Cf. Smith*, 2020 WL 1933820, at *5 (finding that Rule 30's limit of 10 depositions includes expert witnesses) *with Safeco Ins. Co. of Am. v. City of Jacksonville*, No. 3:08-CV-338-J-25, 2011 WL 13176635, at *3 (M.D. Fla. Apr. 20, 2011) ("A fair reading of the Rules suggests that expert witnesses are not contemplated by Rule 30."). This issue is not before the Court.

p. 3]. But the Court does not find this dispositive of whether an agreement existed that limited depositions. Finally, Defendants point to the Scheduling Order, stating that it is consistent with their understanding because the Court "reference[s] 'expert depositions' as a distinct type of discovery" [Doc. 337 p. 3 (citing Doc. 112 p. 2)]. The Court's previous Scheduling Order states, "All discovery, including expert depositions, shall be completed by March 31, 2023" [Doc. 112 p. 2]. This reference does not support Defendants' position that expert depositions are a distinct type of discovery. And further, the parties entered their agreement before the Court entered any scheduling order [*See* Docs. 31 and 33].

The Court will therefore enforce the parties' agreement. But, as Plaintiffs acknowledge, "Courts may grant leave to conduct additional depositions where a party makes a particularized showing that the discovery is necessary and consistent with the considerations set forth in Rule 26(b)(2)." *Smith*, 2020 WL 1933820, at *6. Defendants have not requested leave to conduct additional depositions.

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** Defendants' Motion to Compel Plaintiff to Cooperate in Scheduling the Deposition of ARDA [**Doc. 337**].

**IT IS SO ORDERED.**

ENTER:

*/s/ Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge