UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DIAMOND RESORTS U.S. COLLECTION DEVELOPMENT, LLC, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) No. 3:20-CV-251-DCLC-DCP ) |
| WESLEY FINANCIAL GROUP, LLC, *et al.*, | ) ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Defendants' Motion to Extend Discovery Deadline for the Limited Purpose of Scheduling the Deposition of ARDA and Incorporated Memorandum of Law [Doc. 373]. Plaintiffs responded in opposition to the motion [Doc. 401]. Defendants filed a reply [Doc. 407]. The motion is ripe for adjudication. *See* E.D. Tenn. L.R. 7.1(a). For the reasons set forth below, the Court **DENIES** the motion [**Doc. 373**].

**I.    BACKGROUND**

Almost five years ago, on September 16, 2020, the parties filed their Rule 26(f) report [Doc. 31]. The parties agreed, "A maximum of 25 in person depositions will be conducted by each party (excluding corporate representatives)" [Doc. 31 p. 4]. Many Scheduling Orders later [*see* Docs. 33, 60, 78, 112, 149, 181], all discovery in this case was set to conclude on March 29, 2024 [Doc. 181].

On October 29, 2020, Defendants served a subpoena ("First Subpoena") on American

Resort Development Association, Inc ("ARDA"), seeking "[a]ll documents or communications exchanged between you and [Plaintiffs], including any of your officers or directors employed by [Plaintiffs], concerning [Defendant] Wesley Financial Group, LLC's advertisements or alleged deceptive and unfair trade practices" [Doc. 337-2 p. 2]. The parties agreed to limit the temporal scope of the First Subpoena from October 17, 2015, to October 17, 2019 [*Id*.]. ARDA responded to the First Subpoena on December 7, 2020 [*Id*.].

On June 30, 2024, Defendants served another subpoena on ARDA ("Second Subpoena") [*Id*. at 3]. It was identical to the First Subpoena but sought records from October 17, 2019, to the present [*Id*.]. ARDA responded on August 8, 2023, by producing documents and a privilege log [*Id*.]. Later, on January 31, 2024, Defendants filed a motion to compel in the United States District Court for the Middle District of Florida challenging the privilege log [*Id*.]. On February 21, 2024, United States Magistrate Judge Embry J. Kidd transferred the matter to this Court. *See In re Subpoena*, No. 3:24-mc-11 [Doc. 4]. After briefing, the undersigned granted Defendants' motion to compel and ordered ARDA to produce the documents within ten days, or April 11, 2024 *See In re Subpoena*, No. 3:24-mc-11 [Doc. 14].

On February 22, 2024, Defendants filed a Notice of American Resort Development Association, Inc.'s Fed. R. Civ. P. 30(b)(6) Audio and Video Deposition ("Notice") [Doc. 337-1]. The Notice set the deposition for March 13, 2024 [*Id*.]. On March 11, 2024, the ARDA filed a motion to quash or for protective order in the Middle District of Florida [Doc. 337-2]. On July 1, 2024, United States Magistrate Judge Embry J. Kidd entered an order granting in part and denying in part the motion [Doc. 337-3].

As the parties acknowledge, the instant dispute is not a new one. On August 16, 2024, Defendants filed a motion to compel Plaintiffs to cooperate in scheduling the deposition of ARDA

("motion to cooperate"), seeking to "compel[] Plaintiffs to cooperate in scheduling the deposition of ARDA" [Doc. 337 p. 1 (footnote omitted)]. After the parties briefed that motion, on November 18, 2024, the parties requested that the Court hold this motion in abeyance pending their efforts to resolve this case [Doc. 353]. The Court granted the parties' request and held the motion in abeyance until January 31, 2025 [Doc. 354]. The parties filed a status report on January 31, 2025, requesting additional time to complete their discussions about an early resolution [Doc. 355]. The Court also granted this request [Doc. 356]. On March 3, 2025, the parties filed a joint status report stating that they were unable to resolve this matter and that holding the motion in abeyance is no longer necessary [Doc. 357].

On March 19, 2025, the Court entered a Memorandum and Order denying Defendants' motion to cooperate [Doc. 361]. In relevant part, the Court found:

> The Court finds Defendants' motion is procedurally improper. First, the discovery deadline expired in this case on March 29, 2024 [Doc. 181]. Rule 16 of the Federal Rules of Civil Procedure states, "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); see also Fed. R. Civ. P. 6(b)(1)(A)–(B) (noting that the party must show good cause for an extension if made before the deadline expires and must show good cause and excusable negligent if the motion is made after the deadline expires). Given that ARDA's deposition would occur outside the discovery deadline, Defendants need the Court's permission to modify the deadline. They have not sought an extension to take the deposition.
>
> Second, the parties agreed, "A maximum of 25 in person depositions will be conducted by each party (excluding corporate representatives)" [Doc. 31 p. 4]. "Courts will enforce discovery agreements reached between two parties." *J.S.T. Corp. v. Robert Bosch LLC*, No. 15-13842, 2019 WL 1857080, at *5 (E.D. Mich. Apr. 23, 2019) (citing *In re Santa Fe Nat. Tobacco Co. Mktg. & Sales Pracs. and Prod. Liab. Litig.*, No. MD 16-2695, 2018 WL 3972909, at *11 (D.N.M. Aug. 18, 2018)), *report and recommendation adopted by* No. 15-13842, 2019 WL 1790250 (E.D. Mich. Apr. 24, 2019); *see also Libertarian Party of Ohio v. Husted*, 302 F.R.D. 472, 478 (S.D. Ohio 2014) ("[Rule] 29 permits

> the parties to make agreements about discovery."). "[T]he Court has an obligation to read any purported written discovery agreement fairly and reasonably, and to place the burden of persuasion on the party asserting that an agreement has been reached." *Libertarian Party of Ohio*, 302 F.R.D. at 478 (citation omitted).

[*Id*. at 3–4, 5–6]. With respect to the latter point, the Court held that it would "enforce the parties' agreement" [*Id*. at 7]. It further stated:

> But, as Plaintiffs acknowledge, "Courts may grant leave to conduct additional depositions where a party makes a particularized showing that the discovery is necessary and consistent with the considerations set forth in Rule 26(b)(2)." Defendants have not requested leave to conduct additional depositions.

[*Id*. (internal citation omitted)].

On April 5, 2025, Defendants filed the instant motion before the Court [Doc. 373]. They request that the Court "extend[] the discovery deadline for the limited purpose of taking the deposition of third-party witness [ARDA]" [*Id*. at 1]. Defendants claim that the purpose of their motion is to remedy the failure to request an extension of the discovery deadline [*Id*. at 2]. Defendants outline the procedural posture of this case [*Id*. at 3–9]. They argue that they have established excusable neglect and good cause for extending the discovery deadline [*Id*. at 12–17].

Plaintiffs oppose the motion [Doc. 401]. They too outline the procedural posture of this case [*Id*. at 1–9]. They assert that Defendants have failed to show good cause or excusable neglect for their delay [*Id*. at 9–18]. In addition, Plaintiffs state that Defendants has not sought leave to exceed the limit on depositions [*Id*. at 18–20]. They argue that Defendants have taken twenty-five depositions, and "[n]otwithstanding the Court's order and specific acknowledgement that the Court 'may grant leave to conduct additional depositions where a party makes a particularized showing that the discovery is necessary and consistent with the considerations set forth in Rule 26(b)(2)' [Defendants'] Motion fails to seek this relief" [*Id*. at 18].

4

Case 3:20-cv-00251-DCLC-DCP    Document 449    Filed 08/13/25    Page 4 of 6
PageID #: 13523

Defendants filed a reply, maintaining that they have shown good cause and excusable neglect for an extension of the discovery deadline [Doc. 407 pp. 2–4]. With respect to Plaintiffs' argument that the parties agreed to conduct only 25 depositions, Defendants state that "defense counsel never understood that experts were included in the 25-deposition limit" [*Id*. at 2]. In support of their contention, they rely on the Declaration of Counsel [Doc. 407-1].

II. ANALYSIS

Even if Defendants could establish good cause and excusable neglect, the Court declines to grant Defendants' motion. As noted above, on March 19, 2025, the Court addressed two issues with Defendants' motion to cooperate: (1) they did not seek an extension of the discovery deadline to take the deposition, and (2) the parties had agreed to take twenty-five depositions and that Defendants did not seek leave to take another deposition. As Plaintiffs point out, Defendants' motion fails to address the Court's second issue. Defendants' reply does not address this issue either. Instead, they argue that they "never understood that experts were included in the 25-deposition limit" [Doc. 407 p. 2] and attach an affidavit to support that claim [Doc. 407-1]. But the Court has already stated that it would "enforce the parties' agreement" [Doc. 361 p. 7]. Defendants are simply rehashing old arguments while relying on new evidence. This is procedurally improper. Given that, the Court finds the motion not well taken.

III. CONCLUSION

For the reasons explained above, the Court **DENIES** Defendants' Motion to Extend Discovery Deadline for the Limited Purpose of Scheduling the Deposition of ARDA and

Incorporated Memorandum of Law [**Doc. 373**].

      **IT IS SO ORDERED.**

                                                                             ENTER:

                                                                             _/s/ Debra C. Poplin_
                                                                             Debra C. Poplin
                                                                             United States Magistrate Judge