UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DIAMOND RESORTS U.S. COLLECTION DEVELOPMENT, LLC, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:20-CV-251-DCLC-DCP ) |
| WESLEY FINANCIAL GROUP, LLC, *et al.*, | ) ) ) |
| Defendants. | ) |

**ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' Unopposed Motion to Seal/Redact [Doc. 446]. By way of background, on July 30, 2025, the Court held Defendants' Motion to Seal [Doc. 377] in abeyance [Doc. 438]. In that motion, Defendants stated that "Plaintiffs designated excerpts of their [Rule] 30(b)(6) corporate representative's deposition testimony and certain deposition exhibits as confidential and/or AEO" [Doc. 377 p. 3]. Defendants therefore sought leave to file Exhibits 1 to 6 [Docs. 378-1 to 378-6 SEALED] under seal. In addition, because the documents they sought to seal "are quoted or summarized in certain portions of Defendants' memoranda filed in support of three motions concerning the [Rule 30(b)(6)] testimony of Bradford Harris[,]" Defendants sought leave to redact their memoranda [*Id*. at 4].

The Court explained:

> The Court has reviewed the highlighted confidential portions of the Memorandum of Law in Support of Defendants' Motion for Sanctions for Plaintiffs' Failure to Obey the Court's Orders and to Comply with [their] Own Obligations Regarding their Rule 30(b)(6) Deposition ("Memorandum for Sanctions") [Doc. 378-7 SEALED],

1

> the Memorandum of Law in Support of Defendants' Motion to Strike Plaintiffs' Substantive Errata Sheet Changes ("Memorandum to Strike") [Doc. 378-8 SEALED], and the Memorandum of Law in Support of Defendants' Motion to Compel Plaintiffs to Answer Rule 30(b)(6) Deposition Questions to Which Privilege Objections Were Improperly Asserted ("Memorandum to Compel") [Doc. 378-9 SEALED]. It does not appear these redactions are narrowly tailored.
>
> By way of illustration, in the Memorandum for Sanctions [Doc. 378-7 SEALED], Defendants have redacted information that Bradford Harris ("Mr. Harris") did not know [*See id.* at 10–14, 21–22 SEALED]. In other words, the redactions are to unanswered questions. Defendants made similar redactions in their Memorandum to Strike [See, e.g., Doc. 378-8 p. 5 SEALED]. And in the Memorandum to Compel [Doc. 378-9 SEALED], Defendants have redacted information about Plaintiffs' leadership group that does not appear to be confidential [See, e.g., *id.* at 4–6, 12–18, 21–23], and no party has explained why the information should be redacted.
>
> Further, it is not clear why the exhibits should be placed under seal. For example, one exhibit appears to contain public information [*See* Doc. 378-4 SEALED].

[Doc. 438 pp. 2–3]. Given that Plaintiffs designated the information as confidential, the Court ordered them to submit a brief supporting the sealing or redactions [*Id.* at 3].

On August 12, 2025, Plaintiffs filed the instant motion [Doc. 446]. They state that they have "publicly re-filed Defendants' [Memoranda of Law]" and that only one of the memoranda contains any redactions [*Id.* at 1; *see also* Docs. 445-5, 445-6, and 445-7]. Plaintiffs state that out of six exhibits originally filed under seal, they only request that two remain sealed [Doc. 446 p. 1; *see also* Docs. 445-1 to 445-4]. Specifically, they request that the deposition of Brad Harris ("Mr. Harris") [Doc. 378-1 SEALED] and their sales data [Doc. 378-3 SEALED] remain sealed. With respect to Mr. Harris's deposition, they state that the Court has allowed his transcript to be previously sealed and that "all citations and quotations to Mr. Harris's testimony" are contained in the publicly filed Memorandum of Law [Doc. 446 pp. 3–4]. With respect to their sales data, in

2

order to understand the parties' arguments, Plaintiffs state that it is unnecessary "for the public to have access to have all of [Plaintiffs'] non-public sales/recovery details over a six-year period" [*Id*. at 4].

Given Plaintiffs' instant motion, the Court **DENIES AS MOOT** Defendants' motion [**Doc. 377**]. The Court finds that Plaintiffs have shown good cause to seal Mr. Harris's deposition and their sales data, and therefore, they **SHALL REMAIN SEALED** [**Docs. 378-1 and 378-3**]. The Court further finds that the redactions to the Memorandum to Strike [Doc. 378-8] are narrowly tailored, and it **SHALL REMAIN SEALED** [**Doc. 378-8**]. In accordance with Rule 12.2 of the CM/ECF Rules and Procedure, the Court **DIRECTS** the Clerk's Office to **DELETE** [**Docs. 378, 378-2, 378-4, 378-5, 378-6, 378-7, & 378-9**]. Finally, the Court **GRANTS** Plaintiffs' motion [**Doc. 446**].

    **IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge