UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DIAMOND RESORTS U.S. COLLECTION DEVELOPMENT, LLC, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:20-CV-251-DCLC-DCP |
| | ) | |
| WESLEY FINANCIAL GROUP, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Defendants' Motion to Strike Plaintiffs' Substantive Errata Sheet Changes [Doc. 371]. Plaintiffs filed a response in opposition [Doc. 399], and Defendants filed a reply [Doc. 405]. The motion is ripe for adjudication. *See* E.D. Tenn. L.R. 7.2(a). For the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART** the motion [**Doc. 371**].

## I.     BACKGROUND

On July 18, 2024, Defendants deposed Plaintiffs' Rule 30(b)(6) witness, Brad Harris ("Mr. Harris") [Doc. 399 p. 4]. His deposition was continued to August 16, 2024 [Doc. 445-5 p. 4; Doc. 399 p. 4]. "Between the first and second session of [Mr.] Harris's deposition, and in preparation for the second session . . ., the first session transcript was reviewed and [Mr.] Harris prepared an interim errata sheet [("Interim Errata Sheet")] to address some answers he intended to clarify during his second session" [Doc. 399 p. 4]. On August 16, 2024, during the deposition, defense counsel, Attorney Stovall, stated:

> There is one issue—a few minutes before the deposition started today—Mr. Silvestri e-mailed me some, quote, interim errata, close quote, to the first part of Mr. Harris'[s] deposition. I have not had a chance to review those. I have not had a chance to compare the – the answers in the errata sheet to the original answer, and I – I –I don't want to do that quickly or on the fly. I want to look at those carefully and see if the changes are substantive enough that – from [D]efendants' perspective that would warrant reopening the first part of Mr. Harris'[s] deposition.

[*Id*. at 2 (quoting Doc. 397-2 pp. 35–36 SEALED)]. Later, on September 23, 2024, Mr. Harris provided the errata sheet ("Final Errata Sheet") to Defendants, making eighteen changes [Doc. 445-6 p. 5]. According to Plaintiffs, the Final Errata Sheet is identical to the Interim Errata Sheet [Doc. 399 p. 5].

On April 5, 2025, Defendants moved to strike eleven out of the eighteen changes to the Final Errata Sheet [Doc. 371]. They state that "the Sixth Circuit has adopted a strict approach" about changing deposition testimony [Doc. 445-6 p. 12]. Defendants argue that Plaintiffs made substantive and sometimes contradictory changes [*Id*. at 14–17]. In the alternative, they submit "Plaintiffs should be sanctioned with whatever relief under Rule 37 the Court finds appropriate" [*Id*. at 18]. They further request their attorney's fees and expenses for filing the motion [*Id*.].

Plaintiffs respond that the circumstances are different than other cases because they served the Interim Errata Sheet before the conclusion of Mr. Harris's deposition, and Defendants could have asked Mr. Harris questions about it during the second session of his deposition [Doc. 399 pp. 5–6]. Plaintiffs deny that the Final Errata Sheet contains contradictory testimony [*Id*. at 7–13]. They submit that they would agree to Defendants deposing Mr. Harris [*Id*. at 13–16].

Defendants filed a reply, accusing Plaintiffs of misstating the law governing errata sheets [Doc. 405 pp. 4–6]. They argue that the Sixth Circuit has rejected Plaintiffs' position that they could have questioned Mr. Harris about the Interim Errata Sheet [*Id*. at 5–6]. And Defendants

2

claim that Plaintiffs' solution, another deposition, "fundamentally misunderstands—and would eviscerate—the rule in this Circuit prohibiting substantive changes to deposition testimony via errata" [*Id*. at 6]. According to Defendants, "[T]he Sixth Circuit and district courts have repeatedly held, the proper remedy for improper substantive errata is to strike the changes" [*Id*. at 7]. They maintain that the changes to the Final Errata Sheet are substantive and contrary [*Id*. at 8].

## II.     ANALYSIS

Rule 30(e) of the Federal Rules of Civil Procedure governs how a witness may review and change his testimony. It states:

> **(1) *Review; Statement of Changes.*** On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
>
> > **(A)** to review the transcript or recording; and
> > **(B)** if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

Fed. R. Civ. P. 30(e)(1)(A)–(B). The Sixth Circuit has stated, however, that "Rule 30(e) does not allow one to alter what was said under oath." *Trout v. FirstEnergy Generation Corp.*, 339 F. App'x 560, 565 (6th Cir. 2009) (quoting *Tuttle v. Tyco Elecs. Installation Servs., Inc.*, No. 2:06–cv–581, 2008 WL 343178, at *4 (S.D. Ohio Feb. 7, 2008)). This is because "one could merely answer the questions with no thought at all[], then return home and plan artful responses. Depositions are different from interrogatories in that regard. A deposition is not a take home examination." *Id*. (alterations in original) (quoting *Tuttle*, 2008 WL 343178, at *4); *Ramirez v. Bolster & Jeffries Health Care Grp., LLC*, No. 1:12CV-00205, 2016 WL 4132294, at *3 (W.D. Ky. Aug. 3, 2016) ("The purpose of a discovery deposition is to memorialize the testimony of a witness and thus fix the testimony which can be anticipated at trial. To permit a witness to answer

3

questions during a deposition and thereafter *ex post facto* make material changes to that testimony deprives the parties the opportunity to further question or challenge the witnesses' testimony and defeats the purpose of the discovery deposition process.").

Following the Sixth Circuit's decision in *Trout*, "courts within the Sixth Circuit have 'disregarded errata sheets when they attempt to make more significant alternations, even for the purpose of clarifying.'" *Shahbabian v. TriHealth G LLC*, No. 1:18-CV-790, 2020 WL 4346938, at *1 (S.D. Ohio July 29, 2020) (quoting *Mullins v. Cyranek*, No. 1:12CV384, 2014 WL 3573498, at *1 (S.D. Ohio July 21, 2014)); *see also CNB Bancshares, Inc. v. StoneCastle Sec. LLC*, No. 3:09-CV-33, 2012 WL 2887256, at *3 (E.D. Tenn. July 13, 2012) (striking the errata sheet because it contradicted her testimony).

Indeed, courts recognize that "[t]his is a restrictive approach to Rule 30(e)." *Mullins*, 2014 WL 3573498, at *2; *see also Jacobs v. Floorco Enters., LLC*, No. 3:17-CV-90, 2020 WL 1290607, at *11 (W.D. Ky. Mar. 18, 2020) ("[A] majority of district courts within the Sixth Circuit have interpreted *Trout* to provide that an errata sheet is not a vehicle for a deponent to make substantive changes to deposition testimony." (collecting cases)). "[And] [t]his Court retains discretion to determine whether the changes are appropriate." *Shahbabian*, 2020 WL 4346938, at *2 (citation omitted).[1]

---

[1]     Plaintiffs argue that another case "suggests that errata changes like those provided to [Defendants] here are allowed by Rule 30(e)" [Doc. 399 p. 5 (citing *Carter v. Ford Motor Co.*, 561 F.3d 562, 568 (6th Cir. 2009)]. As one court noted, "[T]here is [not] complete agreement among district courts within the Sixth Circuit that an errata sheet may not be used for substantive changes to testimony." *Ramirez*, 2016 WL 4132294, at *3 (citing *Jermano v. Graco Children's Products, Inc.*, No. 13-cv-10610, 2015 WL 1737548, *5–6, 2015 WL 1737548 (E.D. Mich. Apr. 16, 2015) (observing that language in *Carter v. Ford Motor Co.*, 561 F.3d 562, 568 (6th Cir. 2009) suggests that a party might be permitted to make substantive changes via errata sheet)). "[But] the majority of recent decisions within the Sixth Circuit consistently interpret *Trout* as establishing a rule that an errata sheet may not be used for substantive changes to testimony," *id*. (collecting cases), including this Court, *see CNB Bancshares, Inc.*, 2012 WL 2887256, at *3.

4

"[Plaintiffs] certainly recognize that the Sixth Circuit restricts the employment of deposition errata[,]" but they argue that "the rule upon which [Defendants] rel[y] is not applicable here because the deposition was still open when the errata was provided" [Doc. 399 p. 2]. Plaintiffs emailed defense counsel the Interim Errata Sheet, however, a few minutes before the start of Mr. Harris's second deposition, and defense counsel had a limited amount of time left to depose Mr. Harris [*See id.* (quoting Doc. 397-2 pp. 35–36 SEALED)]. And Plaintiffs offer no authority that a deponent can change his testimony via an errata sheet under these circumstances. Further, the Court has discretion to determine whether the changes are appropriate. It has exercised its discretion here and finds them to be improper [*See* Doc. 445-6 pp. 5–11].[2]

Starting with changes 1 and 2, Mr. Harris originally responded that he did not know the answer, but on the Interim Errata Sheet, he changes his response to "no" with an explanation [*Id.* at 5–6]. According to Mr. Harris, the reason for the change was that he refreshed his recollection [*Id.*]. This is not permissible. *Simpson v. Xerox Educ. Servs., LLC*, No. 3:17-CV-76, 2020 WL 1033541, at *7 (W.D. Ky. Mar. 3, 2020) ("For example, on numerous occasions, [the plaintiff] attempted to change her answer to a question from 'yes' to 'no' or vice versa or to change 'I don't know' or 'I don't recall' to an affirmative yes or no response. This is improper absent an allegation that the court reporter made an error."), *modified on reconsideration*, No. 3:17-CV-76, 2020 WL 6263731 (W.D. Ky. Oct. 23, 2020).

In changes 3, 6, 7, and 9, Mr. Harris adds substantive information to each response [Doc. 445-6 pp. 6, 9, 10]. Plaintiffs acknowledge that "[t]hese errata items simply provide a more

---

[2]     Plaintiffs also state that Defendants could take another deposition of Mr. Harris [Doc. 399 p. 16]. But the Court agrees with Defendants that Plaintiffs' proposal "would eviscerate . . . the rule in this Circuit prohibiting substantive changes to deposition testimony via errata" [Doc. 405 p. 6].

5

thorough response" [Doc. 399 p. 10]. This is not permissible. *See Mullins*, 2014 WL 3573498, at *3 ("The rest of those alterations add and change details that were not provided in the original deposition testimony, or change the meaning of the testimony provided. Such alterations are impermissible.").[3]

Changes 4 and 5 strike Mr. Harris's responses completely and replace them with a new response, reasoning that he misunderstood the question [Doc. 445-6 pp. 7–8]. Similarly, change 8 strikes the response completely and replaces it with a new response, reasoning that the original response was to correct a misstatement [*Id.* at 10]. These changes are not permissible. *See Mullins*, 2014 WL 3573498, at *3; *Ramirez*, 2016 WL 4132294, at *3 ("To the extent she wishes to 'set the record straight,' she can do so at trial by explaining that her deposition testimony was in error or mistaken, but she cannot change that testimony by way of the errata sheet.").

Finally, with respect to changes 10 and 11, Mr. Harris originally testified that he cannot say that U.S. Collection Development LLC, or that Diamond Resorts Hawaii Collection Development, LLC pays the developer delinquency contribution, but on the Final Errata Sheet, he changes his testimony to "yes," reasoning that he refreshed his recollection [Doc. 445-6 p. 11]. This is impermissible. *Simpson*, 2020 WL 1033541, at *7.

III. **CONCLUSION**

For the reasons set forth above, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Strike Plaintiffs' Substantive Errata Sheet Changes [**Doc. 371**]. The Court

---

[3] Plaintiffs state that Defendants request that the changes be stricken "coupled with the preclusion of [Plaintiffs] offering any evidence of harm as a sanction" [Doc. 399 pp. 8–9]. The Court does not construe Defendants' motion as seeking preclusion of Plaintiffs' harm [*See* Doc. 445-6 p. 15]. To the extent Defendants are seeking that sanction, the Court declines to preclude Plaintiffs from offering any evidence of harm.

6

therefore **STRIKES** the eleven changes in the Final Errata Sheet [Doc. 445-6 pp. 5–11].[4]

       **IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge

---

[4]     The Court denies Defendants' request to award attorneys' fees [Doc. 371 p. 2]. Defendants do not sufficiently support this request.

7