UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

DIAMOND RESORTS U.S. COLLECTION )
DEVELOPMENT, LLC, *et al.*, )
                                )
       Plaintiffs, )
                                  )
v. )       No. 3:20-CV-251-DCLC-DCP
                                  )
WESLEY FINANCIAL GROUP, LLC, *et al.*, )
                                  )
       Defendants. )

## O R D E R

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' Motion to Correct Title of Filing [Docs. 557-3; 561] and Incorporated Memorandum of Law [Doc. 589]. Defendants respond in opposition [Doc. 597], and Plaintiff filed a reply [Doc. 607]. The motion is ripe for adjudication. *See* E.D. Tenn. L.R. 7.1(a). The Court **GRANTS** the motion [**Doc. 589**].

According to Plaintiffs, on February 20, 2026, they filed "Plaintiffs' Statement of Additional Undisputed Materials Facts in Response to Defendants' Motion for Summary Judgment ("Statement of Additional Material Facts")" [Doc. 589 p. 1]. They filed a redacted version [Doc. 557-3] and a sealed version [Doc. 561]. Plaintiffs claim that they included the word "undisputed" in the title, but it was an error [Doc. 589 p. 1]. In support of their claim, they rely on the Declaration of Kristin Stankiewicz, an attorney, who states that she "assisted in drafting the Plaintiffs' Statement of Additional Material Facts" [Doc. 589-1 ¶ 2]. She asserts that she "used Plaintiffs' Statement of Undisputed Material Facts as a template" [*Id.* ¶ 3]. She added the word "Additional" but did not remove "Undisputed" [*Id.* ¶ 4]. She did the same in the introductory

paragraph [*Id.* ¶ 5]. Attorney Stankiewicz states that she inadvertently did not remove the word "Undisputed" [*Id.* ¶ 6]. Plaintiffs therefore request that the Court allow them to file an edited version under Rule 60 of the Federal Rules of Civil Procedure and the Court's inherent authority [Doc. 589 p. 1].

Defendants respond in opposition [Doc. 597]. They claim that Plaintiffs' Statement of Additional Material Facts is not allowed under the Scheduling Order [*Id.* at 1]. They argue that Plaintiffs have not established that the title of their Statement of Additional Material Facts is a clerical or computation error under Rule 60 [*Id.* at 3–6]. They claim to have been prejudiced by its filing because "[t]he title of the [Statement of Additional Facts] caused Defendants to expend significant time and resources" [*Id.* at 7].

Plaintiffs reply "the sole remedy [they] seek is to correct the title of the filing that has no impact on the substance" [Doc. 607 p. 1]. Plaintiffs state that Defendants have "already filed a substantive challenge to the Statement of Additional Material Facts in its March 13, 2026 Motion to Strike" [*Id.*]. "Those arguments[,]" Plaintiffs contend, "have no place here" [*Id.*].

Courts have inherent authority to manage their dockets. *Newman v. Univ. of Dayton*, No. 3:17-CV-179, 2017 WL 4076517, at *3 (S.D. Ohio Sept. 14, 2017). Here, Plaintiffs merely seek to change the title of a filing. Moreover, they have provided evidence that they simply made a scrivener's error [*See* Doc. 589-1]. *See Moore v. Liewert*, No. 22-2056, 2023 WL 8378827, at *3 (6th Cir. Aug. 16, 2023) ("Under these circumstances, the district court did not clearly err in finding that [the defendant's] attorney had simply cut and pasted a motion from another case without updating the name of the party.").

Defendants claim that Plaintiffs' Additional Statement of Material Facts violates the Scheduling Order [Doc. 597 p. 1]. But they have filed a motion to strike on the same grounds [*See*

2

Doc. 582-2 (redacted); Doc. 584 (sealed)]. The Court will adjudicate that issue separately. Defendants also state that "[t]he title of the [Statement of Additional Material Facts] caused [them] to expend significant time and resources" [Doc. 597 p. 1]."If Plaintiffs had filed a statement of disputed facts," Defendants argue "there would have been no basis, under the Scheduling Order, to respond to them" [*Id.* (citation omitted]. Defendants submit that they "responded to each of them to show, where applicable, that the facts are genuinely disputed" and they also moved to strike them [*Id.*]. Although Defendants filed a response, Plaintiffs' correction "has no impact on the substance" of the Statement of Additional Material Facts [Doc. 607 p. 1]. *See also N. Brevard Hosp. Dist. v. McKesson Techs., Inc.*, No. 616CV637ORL40DCI, 2017 WL 11667659, at *7 (M.D. Fla. Oct. 10, 2017) ("defining a scrivener's or clerical error as 'a drafter's or typist's technical error that can be rectified without serious doubt about the correct reading[]'") (quoting Black's Law Dictionary 659 (10th ed. 2014)).

The Court therefore **GRANTS** Plaintiffs' motion [**Doc. 589**]. The Court **DIRECTS** the Clerk's office to **REPLACE** the earlier version [Doc. 557-3] with the updated version [Doc. 589-2]. Plaintiffs **SHALL** file the highlighted version in CM/ECF on or before **May 19, 2026**.

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge

3