| | |
|---|---|
| DIAMOND RESORTS U.S. COLLECTION DEVELOPMENT, LLC, *et al.*, | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )  No. 3:20-CV-251-DCLC-DCP |
| | ) |
| WESLEY FINANCIAL GROUP, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' Motion to Strike Wesley's Summary Judgment Reply [Doc. 593]. By way of background, on November 13, 2025, the parties submitted a joint motion to increase page limits for briefs in support of dispositive motions [Doc. 486]. Specifically, they "request[ed] that they be permitted to file briefs in support of their respective dispositive motions of up to 40 pages" [*Id.* at 1]. The following day, on November 14, 2025, the Court granted that motion [Doc. 488]. On December 12, 2025, the parties filed the joint motion to extend deadline and page limit for responses to dispositive motions [Doc. 506]. Specifically, they requested that the Court enlarge the page limits to 40 pages for their response briefs [*Id.*]. The following day, the Court granted that motion [Doc. 507]. Afterwards, United States District Judge Clifton L. Corker entered an order striking Plaintiffs' Motion for Partial Summary Judgment [Doc. 526] and Defendants agreed to withdraw their Motion for Summary Judgment [Docs. 528 & 530]. Both parties had failed to comply with Scheduling Order's directives relating to dispositive motions [*See* Docs. 526, 528, & 530].

On January 23, 2026, Defendants refiled their Motion for Summary Judgment [Doc. 546]. Their memorandum is forty-four pages [Doc. 549]. The reply brief ("Reply") is forty-four pages [Doc. 582-1 (redacted); Doc. 583 (sealed)].

Plaintiffs now move to strike Defendants' Reply [Doc. 593]. They argue that Defendants' Reply is 15 pages over the limit [*Id.* at 2]. They assert that Defendants have filed:

> [A] statement of facts supported by four declarations "summarizing" the discovery in the case, introducing new "facts" not exchanged in discovery, contradicting its 30(b)(6) deposition testimony, attempting to create a record that did not exist in the four years of discovery with new testimony and "facts" because its witnesses were either not prepared or did not know the answers, offering a new narrative based on "facts" not previously existing, citing to additional material directly in their summary judgment papers, filing what amounts to two responses to each of [Plaintiffs'] statement of facts and statement of additional disputed facts (by filing a response and Exhibit A to its motion to strike), filing motions to strike designed not to actually challenge a procedural violation but instead to allow itself additional unauthorized pages, and incorporating other briefs into its summary judgment briefing.

[*Id.* at 2–3]. "Adding these up," Plaintiffs claim, "[Defendants] have effectively introduced 183 pages beyond the Court's limitations" [*Id.* at 3]. They therefore seek an order striking Defendants' Reply [*Id.*].

Defendants respond in opposition to the motion [Doc. 606]. They acknowledge that the Court enlarged the page limitations for opening briefs and responses, but they state that "under Local Rule 7.1, response briefs and reply briefs do not have separate page limits" [*Id.* at 1]. They state that their "counsel understood that reply briefs would be subject to the same limit of up to 40 pages" [*Id.* at 1]. In addition, they submit that "[d]efense counsel, and evidently Plaintiffs' counsel as well, understood that the extension granted for the earlier motions applied to the refiled motions" [*Id.* at 2]. Defense counsel also believed that "reply briefs for the refiled motions would not have a separate page limit" [*Id.*]. They claim that the 40 pages "were necessary" [*Id.*]. Plaintiffs'

argument that Defendants are trying to evade page limits, Defendants argue, "distorts the record" [*Id.*]. They contend that "striking Defendants' [R]eply brief would be unduly punitive and prejudicial, even if the limit in the Local Rules did apply to the replies" [*Id.* at 3]. They state that Plaintiffs' cited authorities do not support striking the Reply [*Id.*].

Plaintiffs filed a reply, stating that Defendants' "assertion that defense counsel 'understood' that [he] was entitled to file a 40-page reply brief, is unsupportable" [Doc. 609 p. 2]. They contend that Defendants "ignore the rules of this Court" [*Id.*]. Plaintiffs claim that the Court's Orders regarding the page limitation did not apply to reply briefs [*Id.*]. They submit that "[t]he contention that the 40-page reply was necessary only highlights the prejudice" [*Id.* at 3]. Plaintiffs assert that they could have conferred with them and then filed a motion asking for additional pages [*Id.*]. They accuse Defendants of mischaracterizing their previous positions [*Id.*].

The Local Rules govern briefs. *See* E.D. Tenn. L.R. 7.1. Specifically, Local Rule 7.1(b) states, "Briefs shall comply with the format requirements of Local Rule 5.1 and shall not exceed 25 pages in length unless otherwise ordered by the Court." E.D. Tenn. L.R. 7.1(b). Here, pursuant to the parties' request, the Court allowed 40 pages for opening briefs and responsive briefs [Docs. 486, 506]. The parties did not request, and the Court did not allow 40 pages for reply briefs. Defendants' Reply therefore violates the Local Rules.

The Court's Local Rules have "the force of law." *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010) (quoting *Weil v. Neary*, 278 U.S. 160, 169 (1929)). Even so, "district courts have discretion in choosing how to enforce them." *Romine v. Uber Techs., Inc.*, No. 3:16-CV-371, 2017 WL 11494685, at *1 (E.D. Tenn. Jan. 23, 2017) (citation omitted); *see also Springfield v. Centene Corp.*, No. 2:20-CV-02857, 2022 WL 23029318, at *1 (W.D. Tenn. Oct. 28, 2022) ("District courts have broad discretion in interpreting, applying, and determining the requirements of their

own local rules.") (quoting *Pearce v. Chrysler Grp., L.L.C. Pension Plan*, 615 F. App'x 342, 349–50 (6th Cir. 2015)). "[T]he district court is the final arbiter of its own local rules." *Valassis Commc'ns, Inc. v. Aetna Cas. & Sur. Co.*, 97 F.3d 870, 873 (6th Cir. 1996) (citations omitted)). "The Court has broad discretion to overlook violations of its local rules." *SmartBank v. Cartron*, No. 4:19-CV-00062, 2020 WL 1897168, at *4 (E.D. Tenn. Apr. 16, 2020) (citations omitted)).

The Court finds striking Defendants' Reply is appropriate under the circumstances. *See United States v. Ball*, No. 06-CR-20465, 2023 WL 1795703, at *2 (E.D. Mich. Feb. 7, 2023) (striking the defendant's reply because it exceeded the page limits), *aff'd*, No. 17-2495, 2024 WL 659981 (6th Cir. Feb. 16, 2024). Defendants argue that Plaintiffs' opposition to their Motion for Summary Judgment was 40 pages. The parties, however, agreed to 40 pages [*See* Doc. 506]. They further assert that Plaintiffs filed a 44-page response to Defendants' statement of facts [*see* Doc. 557-2] and filed another statement of facts [*see* Doc. 557-3]. But Defendants have filed the Motion to Strike Plaintiffs' Statement of Additional Undisputed Facts and Responses to Defendants' Statement of Undisputed Facts [Doc. 582-2 (twenty-three pages)]; Defendants' Annotations of and Objections to Plaintiffs' Violations of the Court's Scheduling Order in Plaintiffs' Statement of Additional Undisputed Facts [Doc. 582-3 (nineteen pages)]; and Defendants' Reply to Plaintiffs' Statement of Additional Undisputed Material Facts in Response to Defendants' Motion for Summary Judgment [Doc. 582-4 (thirty pages)].[1]

Defendants claim that "the record is voluminous and unwieldy" [Doc. 606 p. 2]. The Court agrees. Indeed, the parties have inundated the Court with their dispositive filings in this bench trial.

---

[1]     Defendants cite to *Salehpour v. Univ. of Tennessee*, 159 F.3d 199, 205 (6th Cir. 1998). In that case, the Court stated that "a claim (or motion) should only be dismissed for failure to follow a local rule in extreme circumstances." *Id.* (citation omitted).  Defendants do not explain how this case supports their position [See Doc. 606].

4

But this is also why it is important for the parties to present their arguments in the most concise fashion for the Court's review. And to the extent they needed additional pages to do so, the Court has granted the parties leave to file well beyond the normal page limitations. Defendants did not move for leave to do so here.

The Court therefore **GRANTS** Plaintiffs' motion [**Doc. 593**] and **STRIKES** Defendants' reply brief [**Doc. 582-1** (redacted); **Doc. 583** (sealed)]. But similar to when Plaintiffs violated the Scheduling Order with their dispositive filings [*see* Doc. 526], the Court will allow Defendants to re-file their Reply within **7 days** and in accordance with the Local Rules. See *Nam v. U.S. Xpress, Inc.*, No. 1:11-CV-116, 2012 WL 10161528, at *2 (E.D. Tenn. June 25, 2012) (striking the dispositive motions for violating the Local Rules with leave to refile).

    **IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge